## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

SHIRLEY STRICKLER THOMAS v. PAUL DEWITT THOMAS.

November 24, 1976.

Record No. 751372.

Present, All the Justices.

*Kaletah N. Carroll,* for appellant.

*Kikran V. Kavaljian, Jr. (Lutz & Kavaljian,* on brief), for appellee.

HARMAN, J., delivered the opinion of the court.

The trial court awarded Shirley Strickler Thomas (wife or Mrs. Thomas) a divorce *a vinculo matrimonii* from Paul DeWitt Thomas (husband or Mr. Thomas) on the ground that the parties had lived separate and apart for more than one year, Code § 20-91(9). The final decree awarded the wife periodic payments of $200 per month for her support and maintenance but provided

that these monthly payments would terminate after two years. The chancellor denied the wife's prayer for counsel fees.

The wife appeals, alleging that the trial court erred in:

(1) awarding an insufficient amount as support and maintenance;

(2) limiting the award of support and maintenance to a term of two years; and

(3) failing to allow counsel fees for the wife's attorney.

While the chancellor heard evidence *ore tenus* at a lengthy hearing on the issue of support and maintenance, no transcript of this hearing was filed. The parties are before us upon the following agreed statement of facts:

"Mr. Thomas, who is 55 years old, testified he earned $28,000.00 a year on his U. S. Government job for a take-home figure of $713.80 every two weeks, which is $1,546.56 per month ($713.80 x 26 = $18,558.80 ÷ 12 = $1,546.56). He has been a Federal Government employee for 29 years; retirement is eminent. Mr. Thomas also has income from refereeing high school basketball games during basketball season but testified that, because of some arthritis in his knees, he chooses not to do this anymore. Of the four children born of the marriage, only one is under the age of 18 years, to-wit: Brandt A. Thomas who is 16 years 11½ months of age and is living with Mr. Thomas in the family home, which is jointly owned by the parties. One child of the parties, who is a month from her 21st birthday, is a senior at Virginia Commonwealth University and her tuition is $346.00 per semester.

"During the thirty years of marriage, Mrs. Thomas' only employment outside of raising the four children, three of whom are only a year apart in age, and housekeeping, was as a substitute teacher. She is a college graduate although not qualified as far as her education is concerned to teach regularly. Her total salary for the last 12 months was $1,546 gross, which is the most she has ever made in any 12 month period within the last 5 years.

"Mrs. Thomas, who is 51 years old, suffers from an old neck injury which causes her considerable pain and numbness in her hands, which limits her use of them. She is not qualified for any other employment than substitute teaching and, although she has made application for employment, she has been rejected.

"Both parties filed a list of their expenses which the Complainant incorporates herein by reference. Mrs. Thomas testified her needs were $757.57. Mr. Thomas testified his needs were $1,573.08; joint equity in property of $70,000."

■ Here, since the wife has established her need for support and the husband's ability to provide it, and she was not shown to be guilty of misconduct entitling her husband a divorce, the chancellor had no choice but to award the wife support and maintenance. *Rowand* v. *Rowand*, 215 Va. 344, 346, 210 S.E.2d 149, 150-151 (1974); Code § 20-107.

While the wife argues that the monthly amount was too small, the chancellor, under the mandate of Code § 20-107, in fixing support and maintenance, was required to consider:

"(1) [t]he earning capacity, obligations and needs, and the financial resources of the parties;

"(2) [t]he education and training of the parties and the ability and opportunity of the parties to secure such education and training;

"(3) [t]he standard of living established during the marriage;

"(4) [t]he duration of the marriage;

"(5) [t]he age, physical and mental condition of the parties; [and]

"(6) [s]uch other factors as are necessary to consider the equities between the parties."

The chancellor heard the evidence *ore tenus* so his findings are entitled to the weight of a jury verdict and will not be disturbed unless plainly wrong or without evidence to support them. *Alls* v. *Alls*, 216 Va. 13, 14, 216 S.E.2d 16, 17 (1975). While the amount of maintenance and support awarded to the wife appears modest, we cannot say on this record that the amount awarded is plainly wrong or without evidence to support it, and as to the amount of such award, the decree is affirmed.

■ Next we consider the wife's claim that the court erred in limiting the support award to a period of two years. When the decree was entered, the court found the wife was entitled to receive, and the husband was able to pay, $200 per month for support and maintenance. The agreed statement of facts discloses that Mrs. Thomas is not qualified for any employment other than substitute teaching and that her yearly earnings from that employment had not exceeded $1,546. Mrs. Thomas'

only property, an equity of $35,000 in the jointly owned residence occupied by Mr. Thomas, was producing no income.

Allowance of periodic payments for support and maintenance is made upon the basis of the circumstances disclosed by the evidence at the time of the award. The General Assembly has provided continuing jurisdiction for the court, where changed circumstances are demonstrated, to increase, decrease or terminate such an award of periodic payments for support and maintenance upon the petition of either spouse. Code § 20-109.

The record here is devoid of any evidence that Mrs. Thomas' need or Mr. Thomas' ability to provide for that need would substantially change within the immediate or reasonably foreseeable future. We hold, therefore, that the trial court's action in limiting its award to two years is error as it is not supported by the record.

Finally we address ourselves to the wife's claim that the court erred in not awarding her counsel fees. This, of course, is a matter which is within the sound discretion of the chancellor. *Wilkerson* v. *Wilkerson*, 214 Va. 395, 398, 200 S.E.2d 581, 584 (1973). But where, as here, the trial court finds the wife needs and is entitled to maintenance and support and the husband has the financial ability to meet those needs, its failure to award counsel fees to her is, in our opinion, an abuse of that discretion.

Accordingly, we reverse that part of the decree appealed from which limits to two years the periodic payment of monthly support and maintenance and remand the case to the trial court with direction that it enter a decree awarding the wife the sum of $200 per month for maintenance and support until such time as that amount be changed or terminated in a manner provided by law and also awarding such sum as counsel fees for services of counsel to the wife in the trial court as the court shall determine to be just and reasonable.

*Affirmed in part, reversed in part and remanded.*