CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Christman

v.

Christman

August 18, 1983

Case No. (Chancery) CH-1194

By JUDGE AUSTIN E. OWEN

This matter was before me on July 8, 1983, for argument upon the Exceptions filed to the Report of the Commissioner in Chancery. That Report by William B. Smith, Commissioner, was filed with the Clerk on April 8, 1983. Defendant filed his Exceptions on April 12, 1983, and plaintiff filed her Exceptions on April 14, 1983.

At the commencement of the hearing on July 8, 1983, counsel for plaintiff moved the Court for leave to file an additional Exception relating to the recommendation of the Commissioner that spousal support should terminate automatically and forever when the youngest child of the parties attains the age of 18 years. The defendant objecting to such motion, the Court denied the same as not timely made, but advised counsel that the question would likely be considered by the court in the exercise of its responsibilities to determine whether the Report of the Commissioner should be affirmed. "When a cause is referred to a

Commissioner in Chancery the Chancellor does not delegate his judicial function to him. The Commissioner is appointed for the purpose of assisting the Chancellor and not for the purpose of supplanting or replacing him." Higgins v. Higgins, 205 Va. 324, 328.

Upon consideration of argument of counsel, the Court overruled Exceptions numbered 1 through 12, inclusive, filed by the defendant and Exceptions numbered 1 and 2 filed by the plaintiff. The Court deferred any ruling upon defendant's Exceptions numbered 13 and 14 and plaintiff's Exception numbered 3.

Within the broad language of the Exceptions filed, counsel for the defendant also argued that defendant should not be required to pay child support during the month that the child would visit with him. That aspect of the child support Exception was also overruled.

The Court then requested that counsel submit memoranda relating to the authority of the Court to terminate spousal support on a fixed date far removed in time, and on the propriety of the Commissioner's recommendations relating to a monetary award to plaintiff and to partition of the property of the parties.

Mr. Stallings's letter memorandum was filed on July 14, 1983, and Mr. Montagna's letter response was filed on July 27, 1983.

The Court has carefully considered the issues raised and discussed in those memoranda. First, with respect to Mr. Stallings's contention that the Court may as the result of a sale in lieu of partition provide for an unequal distribution of the sale proceeds between the joint owners, I find no authority whatsoever to support that contention.

Section 20-107.3 of the Code of Virginia was adopted by the legislature in 1982 and for the first time permits partition of "marital property" in the final decree of divorce. This very substantial procedural change is accomplished in less than a complete

sentence and provides little aid in divining the legislative intent. Because divorce actions are traditionally actions in which only husband and wife are parties, and only they and the State normally have any interest therein; and because the legislature was presumably aware of the foregoing and of the further fact that a partition of property appropriately calls for lien holders and other parties in interest in the said property to be made parties, there is good reason to consider a narrow construction of "partition" as used in Code Section 20-107.3(C). Such a narrow construction would limit "partition" to the division between the parties of lands which they jointly own as coparceners, joint tenants or tenants in common. (See Virginia Code § 8.01-81 and cases annotated thereto). Code Section 8.01-83 commences with the words: "When partition cannot be conveniently made" and then provides alternatively, for allotment, for allotment in part and sale of the residue, or for sale of the entirety and distribution of the proceeds, thereby indicating that in its narrowest sense allotment and sale are not forms of partition but alternatives thereto. Indeed, case law makes it clear that allotment and sale cannot be ordered except upon a determination that partition cannot be conveniently made [e.g., see Nickels v. Nickels, 197 Va. 498, 502].

Case law also makes it clear, however, that the courts generally include allotment and sale as modes of partition. "Equity has no inherent jurisdiction to order a sale of land for the purpose of partition. 'Prima facie' each party is entitled to actual partition. . . ." Cauthorn v. Cauthorn, 196 Va. 614, 619 [Emphasis added]. Further and more recently: "This appeal challenges the validity of a judicial sale partitioning real estate. . . ." Austin v. Dobbins, 219 Va. 930, 933. "Indeed, Code Section 8-692 (now 8.01-83) expressly authorized partition by allotment. . . . But such partition is a partition by sale. . . ." Ibid. at page 934.

It is believed that in authorizing partition of marital property within the divorce action, the legislature intended to include all modes of partition.

Such a construction, however, does not strengthen Mr. Stallings's contention. In either event the "partition" referred to must be the partition authorized by Code Sections 8.01-81 through 8.01-93. Those sections make clear that whether the partition is of realty or personalty and whatever the mode of partition, the division of the property or its proceeds is to be amongst the parties as their interest in such property may entitled them to. The mere inclusion of the proviso for partition in a divorce action within the same code section which authorizes a monetary award based, in part, upon the equities of each party in the marital property, does not change the statutory distribution relating to partition. To the contrary, Section 20-107.3(B) specifically provides that the rights and interests of the parties in marital property "are only to be used as a consideration in determining a monetary award, if any, as provided in this section."

Turning next to the propriety of the Commissioner's recommendations as to a monetary award and as to partition, it is clear that the Commissioner erred in confusing these matters in his recommendations.

With respect, first, to the monetary award, the Report states that this is an award of one-half of the value of all martial property. Of that marital property, the Commissioner finds that the silver and the household furnishings and effects, and the real property constitute marital property titled in the names of both parties and, thus, is subject to partition and equal division. The right to one-half of the proceeds of such partition is statutory and not, therefore, an "equitable" award.

The Commissioner also recommends that two motor vehicles titled in the sole name of the husband be partitioned. Section 20-107.3 authorizes partition of marital property which is titled in the names of both parties only, and further specifies that "The Court shall have no authority to order the conveyance of . . . marital property not titled in the names of both parties." His recommendation, therefore, that the vehicles be sold and proceeds equally divided with

plaintiff's share to be "in full satisfaction of her equitable distribution award as to such property" is contrary to law.

The recommendations that "the joint bank account should be divided equally" appears in the same paragraph recommending partition of silver, furniture and motor vehicles and is presumably a recommendation for partition. There is no statutory authority for partition of choses in action. See Bank v. Holland, 99 Va. 495. However, since the parties are personally before the Court; and the Commissioner has found this to be marital property titled in both parties, the Commissioner may, if he deems it proper, recommend a lawful procedure by which, for example, a party might be directed to withdraw the funds and forthwith deliver one-half thereof to the other.

Apparently recognizing that the $10,000 treasury note titled in the name of defendant and one Debra Hufham was not subject to partition even though he also found it to be marital property owned by both parties hereto, the Commissioner nevertheless erred, in recommending a separate judgment for the wife for one-half of the value of such certificate. He could, properly, have considered the equities and interests and rights of the parties with respect to this certificate "in determining a monetary award" as he could with respect to all marital property.

Additionally, the Commissioner erred with respect to all of his recommendations relating to partition in that he did not make the requisite findings to permit partition by allotment or sale nor have before him by notice or process the holders of liens affecting the real property. "We have held in numerous cases that these statutes create and confer special statutory jurisdiction upon courts of equity for the partition and sale of land. Failure to substantially comply with the provisions of the statutes is fatal to the proceedings . . . . 'A sale cannot be decreed in a partition suit unless it appears by report of Commissioner or otherwise by the record that partition cannot be conveniently made and also that the interest of those

interested in the land or its proceeds will be promoted by sale.' " Cauthorn v. Cauthorn, 196 Va. 614, 623. [Emphasis added]. Likewise the court should not order sale without providing all parties in interest an opportunity to be heard.

Finally, with respect to the recommendation of the Commissioner for termination of monthly installments of spousal support automatically and forever "upon the youngest child of the parties attaining the age of 18 years", this recommendation cannot be confirmed because it is not accompanied by any indication that it is supported by any evidence. The Report reflects that the youngest child was five years old on April 26, 1983, and the recommendation, thus, relates to an event, his 18th birthday, almost 13 years hence. Nothing in the Report, or the record, points to the comparative needs and capacities of the parties 13 years hence.

"Allowance of periodic payments for support and maintenance is made upon the basis of the circumstances disclosed by the evidence at the time of the award. The General Assembly has provided continuing jurisdiction for the court, where changed circumstances are demonstrated, to increase, decrease or terminate such an award of periodic payments for support and maintenance upon the petition of either spouse. Code § 20-109.

"The record here is devoid of any evidence that Mrs. Thomas's need or Mr. Thomas's ability to provide for that need would substantially change within the immediate or reasonably foreseeable future. We hold, therefore, that the Trial Court's action in limiting its award to two years is error as it is not supported by the record." Thomas v. Thomas, 217 Va. 502, 505 [Emphasis added].

For the reasons indicated, the court sustains defendant's Exception Number 13 in that the Commissioner obviously confused the legal right to equal distribution in partition (as to some of the marital property) with a consideration of what might be an

appropriate monetary award "based upon the equities and the rights and interests of each party in the marital property."

The Court sustains Exception Number 14 of the defendant in that the $10,000 note should not be the subject of any separate award but should be included for consideration, along with all other property found to be marital property, in determining what might constitute an appropriate monetary award.

The Court also sustains a plaintiff's Exception Number 3 relating to "equitable distribution" (monetary award) for the reasons hereinabove set forth.

Mr. Montagna is requested to draft a decree in accordance with and making reference to this letter opinion, specifically including the rulings orally made on July 8, 1983, and herein referred to, and, further, again referring this matter to the Commissioner for revised recommendations and further Report in accordance herewith. The Decree should make clear the authority of the Commissioner to hold a further hearing(s) and gather additional evidence should he deem it necessary or desirable.