COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Coleman and Willis
Argued at Norfolk, Virginia


JOHN C. LUMPKIN

v.          Record No. 1660-94-1          MEMORANDUM OPINION*
                                          BY JUDGE JOSEPH E. BAKER
SUZANNE MARIE KAZMARSKI LUMPKIN          JULY 25, 1995

          FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                N. Wescott Jacob, Judge Designate

          John C. Lumpkin, pro se.

          Henry M. Schwan for appellee.


     John C. Lumpkin (husband) appeals from a decree of the

Circuit Court of the City of Norfolk (trial court) that granted

Suzanne Marie Kazmarski Lumpkin (wife) a divorce on the grounds

of adultery and desertion and made support and equitable

distribution awards.  Husband contends that in making the various

awards, the trial court erroneously failed to impute income to

wife; wrongfully ordered him to pay an excessive amount of

spousal and child support; mistakenly accepted the testimony of

the less credible appraisal witness; and erroneously failed to

credit him for monies he gave wife to be applied to her attorney

fees.

     In a counter appeal, wife asserts that the trial court erred

when it failed to impute income to husband due by reason of

husband having paid an excessive amount of salary to a secretary

_____

     *Pursuant to Code § 17-116.010, this opinion is not

with whom wife alleges husband was having an affair, and by failing to deviate from the child support guidelines in order to account for the counseling needs of one of their two children. Finding no reversible error, we affirm the judgment of the trial court.

As the parties are knowledgeable of the extensive record in this case, we state only those facts essential to an understanding of this opinion. The divorce decree was entered on August 5, 1994. It found that husband had committed adultery with the secretary who wife contends was paid an excessive amount of salary as an employee in a business owned by husband. In 1986, when wife became pregnant with the second child born of the marriage, wife stopped working at her registered nurse profession. She testified that her continued unemployment was due to the need to take care of the children. Husband claims that her refusal to work at her profession was caused by her attorney's advice not to seek work until after the case was completed. In this appeal, husband does not contest the grounds upon which the divorce was granted.

## I. Failure to Impute Income

Husband argues that wife could earn in excess of $18,000 annually, yet she refuses to seek employment. In addition, he asserts that wife will be able to earn income from the property she receives from her equitable distribution share. Wife

contends that the two children are at a tender age, and that one child presently requires special attention due to an emotional illness. Further, she asserts, the amount of income, if any, from property she may receive is not yet computable. The trial court reviewed the evidence and declined to impute any income to wife "at this time." Thus, that door remains open for future change upon a showing that consideration should be given. Upon our review of the record, we cannot say that the trial court's decision was plainly wrong or without evidence to support it. See Code § 8.01-680; Thomas v. Thomas, 217 Va. 502, 504, 229 S.E.2d 887, 889 (1976).

Wife contends that the secretary with whom husband was having an affair was overpaid in relation to other secretaries employed in husband's business. Husband presented evidence that the trial court found tended to show that the secretary had earned her salary. Upon review of the record, we cannot say that judgment of the trial court was plainly wrong or without evidence to support it. Id.

## II. Rebuttal Evidence

Husband advised the trial court that a witness would testify that wife had been told by her attorney to not seek work until the case had been completed, and proffered the witness to corroborate that statement. The trial court did not decline to consider the proffered evidence but responded, "Good. We won't hear it. That's fine. That settles that one." It is clear that

the trial court was aware of the alleged statement and concluded that upon the whole record, wife was justified in not seeking employment "at that time."  Upon this record we find no reversible error in the decision.

### III.   Inclusion of Spousal Support

Husband concedes that Code § 20-108.2(C) permits spousal support to be considered as income to the recipient in calculating the child support obligations of the parties only if the spousal support is paid pursuant to a preexisting order or written agreement.  Neither of these conditions are shown to be relevant to this case.  Accordingly, the trial court did not err in refusing to consider the amount of spousal support awarded to wife when it determined the appropriate child support award.

### IV.   Spousal and Child Support

Husband further contends that the support awards were excessive based upon the trial court's finding that his average annual income was $72,000.  Wife argues that the awards were within the guidelines and reasonable based upon husband's actual income.  She bases that claim upon evidence that shows husband's annual income has been on the rise for the past five years, and that his latest annual income was $93,000.

Premised upon an income of $6,000 per month, the trial court ordered husband to pay spousal support of $18,000 annually, or $1,500 per month.  Based upon $6,000 gross monthly income, the guidelines disclose that an award of support for two children

should be $1,186. There is evidence in the record concerning one child's health that justified the trial court's actual child support award of $1,255 per month plus health insurance coverage. A trial court is vested with broad discretion in fixing the amount of support, and its decision will not be disturbed unless it is clear that some injustice has been done. Lapidus v. Lapidus, 226 Va. 575, 580, 311 S.E.2d 786, 789 (1984). We find no abuse of trial court discretion in making the support awards.

V. Credit for Attorney Fees

Husband testified that he gave wife $4,500 to be applied to his attorney fees obligation. Wife testified that husband had agreed the children were to attend private school and that without warning husband stopped paying tuition. She further testified, and husband agreed, that he knew wife used the $4,500 to make the tuition payments. We cannot say that the trial court was plainly wrong when it denied husband credit of $4,500 toward his attorney fees obligation.

Accordingly, for the reasons stated, the judgment of the trial court is affirmed.

Affirmed.