COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, McClanahan and Senior Judge Coleman
Argued at Richmond, Virginia


JANICE LEE BENTHALL
                                                   MEMORANDUM OPINION* BY
v.        Record No. 0190-03-4                     JUDGE ROBERT P. FRANK
                                                   MARCH 23, 2004
JOE MILLER BENTHALL, SR.


FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
William D. Hamblen, Judge

Ronald L. Eakin for appellant.

Gregory A. Porter for appellee.


        Janice Lee Benthall (wife) appeals a decision of the trial court reducing the amount of

monthly spousal support she received from Joe Miller Benthall, Sr. (husband) from $700 per

month to $400 per month.  On appeal, wife contends the trial court erred in reducing her spousal

support award based on husband's stated intention to retire.  She also asserts the trial court erred

in reducing the spousal support award where husband presented no evidence comparing the

parties' current needs and husband's current ability to provide support with the circumstances of

the parties at the time the original support order was entered.  For the reasons that follow, we

reverse the trial court's reduction of spousal support.

                                        BACKGROUND

        "Under familiar principles we view [the] evidence and all reasonable inferences in the

light most favorable to the prevailing party below."  Martin v. Pittsylvania County Dep't of Soc.

Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986).

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The parties married in 1965, and the final divorce decree was entered on November 15, 1991. By order entered on August 19, 1992, the trial court ordered husband to pay wife $700 per month in spousal support, commencing on September 1, 1992, until wife's death or remarriage.

In April 2002, husband filed a petition to terminate or reduce the monthly spousal support award on the ground that he had retired from the federal government and wife had begun to receive $1,464 per month, her 40% portion of the marital share of his retirement pay, in accordance with the equitable distribution award in the final divorce decree. At a December 9, 2002 hearing, husband testified he had retired from federal service in 1999, at which time he and his former spouse began receiving the retirement pay. Husband's gross income at the time of the 2002 hearing was $10,558 per month, which consisted of $3,800 in federal retirement pay and $6,758 from his employment at BAE Systems. Husband testified he had a 401K plan with BAE, but contended "it's not very much" and it does not add "a whole lot" to his income.

In March 2002, husband and his current wife sold their house for $269,900 and purchased another house for $365,000. Their monthly mortgage payment is $2,302. Husband testified he had $150,000 in a credit union account, which he intended to use to reduce the mortgage on the new house. Husband estimated he spent $300 per month on recreation and trips, and he gave approximately $200 per month to a grandson. Husband's monthly expense statement showed a monthly excess of $294.

Husband, who was fifty-nine years old at the time, testified that he was "considering" retirement from BAE and would be living solely on his federal retirement income. Husband asserted it would be difficult for him to retire unless wife's spousal support award of $700 per month was reduced or terminated.

In August 1992, the date of the original spousal support award, wife was unemployed and did not receive social security disability benefits or retirement benefits. Wife had not been

employed for about ten years and is unable to work because of medical disabilities. At the time of the December 2002 hearing, wife was receiving $420 per month in social security disability benefits, $1,464 per month from husband's retirement benefits, and $700 per month in spousal support.

Wife testified that, since the 1992 support award, she had sold her former residence and had about $30,000 in a bank account, which was her sole asset. She had not purchased a new residence, she had no permanent address, and she was living with relatives and friends pending the outcome of the support hearing. Wife's monthly expense statement showed a deficit of $600. Wife also testified she would be losing her health insurance coverage at the end of the month, and she would have to pay between $130 and $400 per month for supplemental health care coverage.

The trial court found that a material change in circumstances in wife's income had occurred since the 1992 spousal support award, warranting a reduction in the spousal support award. The evidence showed that in 1992, when the court ordered $700 per month in spousal support, wife had no income. When the court considered husband's motion to reduce his spousal support obligation, the evidence showed wife was receiving $1,464 per month as her share of husband's pension and $420 per month in social security disability benefits. The trial court reduced husband's spousal support obligation from $700 per month to $400 per month based upon wife receiving $1,884 in additional monthly income since the 1992 award. Wife filed a motion to reconsider, which the trial court denied. Wife appeals the trial court's decision.

ANALYSIS

"The determination whether a spouse is entitled to [a reduction or increase in spousal] support, and if so how much, is a matter within the discretion of the [trial] court and will not be

- 3 -

disturbed on appeal unless it is clear that some injustice has been done." Dukelow v. Dukelow, 2 Va. App. 21, 27, 341 S.E.2d 208, 211 (1986).

A party seeking modification of spousal support pursuant to Code § 20-109 bears the burden of proving "both a material change in circumstances *and* that this change warrants a modification of support." Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989) (emphasis added). Not every material change of circumstances warrants a modification of support. See Blackburn v. Michael, 30 Va. App. 95, 103, 515 S.E.2d 780, 784 (1999).

> A material change in circumstances, standing alone, does not provide a basis for the trial court to modify its support decree. A modification is appropriate only after the court has considered the material change in circumstances in relation to . . . the present circumstances of both parties . . . . Thus, in a petition for reduction of support, the trial court must assess whether the requested reduction, based on a material change in circumstances, is justified in light of the overall circumstances of both parties . . . .

Yohay v. Ryan, 4 Va. App. 559, 566, 359 S.E.2d 320, 324 (1987) (addressing modification of child support). See also Furr v. Furr, 13 Va. App. 479, 481, 413 S.E.2d 72, 73 (1992).

We agree with husband that the evidence showed wife's monthly income has increased since the time of the original spousal support award. However, this change alone, when considered together with the parties' overall circumstances, did not warrant a modification in support.

"Upon petition of either party the court may . . . [modify] spousal support . . . as the circumstances may make proper." Code § 20-109(A). "When considering the issue of spousal support, whether in a modification or initial award determination, the trial court must take into account the receiving spouse's needs and ability to provide for the needs, and balance those against the other spouse's ability to provide support . . . ." Stubblebine v. Stubblebine, 22 Va. App. 703, 710, 473 S.E.2d 72, 75 (1996) (*en banc*). In addition, "[t]he trial court . . . may

consider earning capacity as well as actual earnings in fashioning the award so long as it applies 'the circumstances in existence at the time of the award.'" Id. at 708, 473 S.E.2d at 74 (quoting Payne v. Payne, 5 Va. App. 359, 363, 363 S.E.2d 428, 430 (1987)).

"[T]he 'circumstances' which make 'proper' an increase, reduction or cessation of spousal support under Code § 20-109 are financial and economic ones." Hollowell v. Hollowell, 6 Va. App. 417, 419, 369 S.E.2d 451, 452-53 (1988). In modifying a support award made under Code § 20-107.1, the trial court should examine those same financial and economic circumstances of divorcing parties that were relevant to determination of the earlier award, including the parties' needs and financial resources, earning potential, property interests, age, physical and mental condition, and the duration of the marriage.

Here, the parties were married for twenty-six years. Most significantly, the evidence showed a significant disparity in the financial resources of the parties and showed the ability of husband to provide support and the need of wife for support. Husband receives $10,558 per month in wages and retirement benefits. Wife, on the other hand, has income totaling $2,584 per month, 25% of husband's monthly income, which she receives through spousal support, social security disability benefits, and her portion of husband's retirement benefits.

As to the parties' property interests, husband has $150,000 in a bank account, and he and his current wife own a home valued at $365,000, subject to an outstanding mortgage. Wife owns no real property, has no permanent address, is living with friends, and has $30,000 in cash as an asset. Wife has no earning capacity and has numerous medical disabilities requiring treatment with various prescribed medicines. Wife further testified that her monthly expenses would increase at the end of December 2002, when she would need to obtain supplemental health insurance coverage.

Husband's testimony did suggest his income might decrease in the future. He testified he was "considering" a second retirement from BAE, which would make paying $700 per month in spousal support difficult for him. He pointed out that his earned income upon retirement from BAE would be reduced by $6,758 per month. However, at the time of the hearing, husband had not retired. The possibility of husband's retirement, at the time of the hearing, was a prospective change in circumstance. "[T]he court, in setting support awards, must look to current circumstances and what the circumstances will be 'within the immediate or reasonably foreseeable future,' not to what may happen in the future." Srinivasan v. Srinivasan, 10 Va. App. 728, 735, 396 S.E.2d 675, 679 (1990) (quoting Young v. Young, 3 Va. App. 80, 81-82, 348 S.E.2d 46, 47 (1986) (quoting Thomas v. Thomas, 217 Va. 502, 505, 229 S.E.2d 887, 889-90 (1976))). Accordingly, the fact that husband planned to retire at some unspecified time in the future was not a circumstance for the trial court to consider in determining whether to reduce the spousal support award. The court made no finding or ruling that it considered husband's prospective retirement as a circumstance justifying the reduction in wife's support from $700 to $400 per month. As we presume the court followed the statutory mandates and correctly applied the law, McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 161 (1985), we conclude that the husband's proposed retirement was not a factor in the court's reduction of wife's spousal support.

Wife further argues that the trial court erred in reducing the spousal support award because husband presented no evidence of the parties' circumstances in 1992 when the spousal support award was entered. Indeed, very little evidence was presented to the trial court regarding the parties' earnings, assets, debts, or circumstances in 1992. One document in the record indicates wife's monthly living expenses in 1992 were $1,581. Additionally, husband's counsel

acknowledged in closing argument that husband's income had increased since his retirement from federal service in 1999.

Husband had the burden to prove by a preponderance of the evidence that a reduction in spousal support was justified. No evidence proved that husband's income had decreased since the 1992 spousal support award. Therefore, the only evidence before the court as to any possible material change in circumstance was wife's $1,884 monthly increase in income since 1992. Accepting that wife's increase in income was a material change in circumstance, considering all of the other circumstances involving the parties' assets, income, needs, and abilities that were before the court, the evidence fails to support the conclusion that wife's increased income, when compared to her needs and husband's assets and income, warranted a decrease in wife's spousal support award.

> "In a petition for modification of . . . spousal support, the burden is on the moving party to prove [by a preponderance of the evidence] a material change in circumstances that warrants modification of support." Richardson v. Richardson, 30 Va. App. 341, 347, 516 S.E.2d 726, 729 (1999) (citation omitted). The petitioner must demonstrate a material change in circumstances from the most recent support award. The material change must relate to either the need for support or the ability to pay.

Barton v. Barton, 31 Va. App. 175, 177-78, 522 S.E.2d 373, 374 (1999) (citations omitted).

The evidence showed that despite wife's increased monthly income, husband has the ability to pay wife $700 per month in spousal support. The uncontroverted evidence proved husband spends $200 per month on his grandson, $300 per month for recreation and trips, and still has a $294 positive cash flow in his monthly budget. Wife, despite an increase in income, has a monthly deficit of $600. Given the disparity in the parties' financial resources, wife's continuing need for support, and husband's ability to provide spousal support, the change in circumstance in wife's income did not warrant a reduction in the amount of spousal support.

Therefore, we find the trial court abused its discretion in reducing the spousal support award.

We reverse the trial court's decision and dismiss husband's petition to modify spousal support.

Reversed.

McClanahan, J., concurring.

I concur with Judge Frank's decision reversing the judgment of the trial court. I also concur with Judge Frank's analysis on the issue of reducing wife's spousal support based on husband's intention to retire. However, I write separately on the issue of husband's lack of evidence comparing the parties' current needs and husband's current ability to provide support with the circumstances of the parties at the time the original support order was entered. I would not assume that wife's increase in income was a material change in circumstances but instead agree with appellant that it was husband's burden to prove a material change of circumstances and he failed to meet that burden.

The trial court specifically stated that it found the change in wife's income to be the material change of circumstances upon which it rested its decision.[1] A court may modify spousal support under Code § 20-109 if the party seeking the modification proves "that a material change of circumstance has occurred since the last award or hearing to modify support and that the change 'justifies an alteration in the amount of support.'" Hiner v. Hadeed, 15 Va. App. 575, 579, 425 S.E.2d 811, 814 (1993) (quoting Yohay v. Ryan, 4 Va. App. 559, 566, 359 S.E.2d 320, 324 (1987) (citation omitted)). The court must find that a material change of circumstances has occurred in order to nullify the preclusive effect of the court's prior adjudication of support. Hiner, 15 Va. App. at 580, 425 S.E.2d at 814. "In the absence of a material change in circumstances, reconsideration of support that has been previously adjudicated . . . would be barred by principles of *res judicata*." Id.

---

[1] The only changes to wife's income were: (1) receipt of her share of husband's federal retirement benefits; and, (2) receipt of Social Security Disability Insurance payments. The parties do not raise and, therefore, we do not address whether wife's Social Security Disability Insurance payments can be considered as a substitute for spousal support. See Blevins v. Blevins, 225 Va. 18, 21, 300 S.E.2d 743, 745 (1983).

Wife was awarded forty percent, and husband sixty percent, of husband's federal retirement benefits at the time of the final decree. The fact that those benefits are now being paid to the parties is not a material change of circumstances. It is no change at all, because the equitable distribution award previously awarded it. Such an award was a division of the parties' marital property. See Code § 20-107.3(G)(1) (providing that the court may order payment of a percentage of the marital share of any pension or retirement benefits, as they constitute marital property). See also Woolley v. Woolley, 3 Va. App. 337, 343, 349 S.E.2d 422, 426 (1986).

A distinct difference exists between a spousal support award and a property award made pursuant to Code § 20-107.3. Spousal support involves a legal duty flowing from one spouse to the other by virtue of the marital relationship. By contrast, a property award does not flow from any legal duty, but involves an adjustment of the equities, rights and interests of the parties in the marital property. Brown v. Brown, 5 Va. App. 238, 246, 361 S.E.2d 364, 368 (1987). In this case, wife was awarded forty percent, and husband sixty percent, of husband's retirement benefits as part of the equitable distribution award. That award constituted an adjustment of the equities, rights and interest of the parties in that particular marital property.

We presume that, at the time of divorce, the trial court considered the income wife would receive from the retirement benefits before it determined the spousal support award. McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 161 (1985). Code § 20-107.1(E)(7) and (8) require the trial court to consider the property interests of the parties when making a spousal support award. See Stainback v. Stainback, 11 Va. App. 13, 15, 396 S.E.2d 686, 688 (1990). Code § 20-107.1(E)(7) requires the court to consider "the property interests of the parties, both real and personal, tangible and intangible." Code § 20-107.1(E)(8) requires the court to consider "the provisions made with regard to marital property under § 20-107.3." Equitable distribution must take place before a spousal support award can be made. See Frazer v. Frazer, 23 Va. App.

- 10 -

358, 381, 477 S.E.2d 290, 301 (1996); <u>Kaufman v. Kaufman</u>, 7 Va. App. 488, 493, 375 S.E.2d 374, 377 (1988).

To use the marital portion of the retirement benefits as both an asset under the equitable distribution award and as income for the purpose of spousal support would be a double-counting that unfairly penalizes the payee spouse.  Although the trial court must consider the provisions made with regard to the marital property under Code § 20-107.3 in fashioning spousal support, it is improper for a trial court to treat assets divided in equitable distribution as income.  <u>Barker v. Barker</u>, 27 Va. App. 519, 500 S.E.2d 240 (1998).  <u>See also</u> <u>Ray v. Ray</u>, 4 Va. App. 509, 514, 358 S.E.2d 754, 757 (1987).  An award from a marital asset should not be used as a substitute for a support award.  "[T]he law does not require the wife to invade her estate to relieve the obligation of her former husband."  <u>Id.</u> (quoting <u>Klotz v. Klotz</u>, 203 Va. 672, 680, 127 S.E.2d 104, 106, (1962)).

I would hold that wife's collection of her marital share of husband's retirement benefits, awarded to her in the equitable distribution at the time of divorce, was considered by the trial court at the time the original award of spousal support was made and, therefore, cannot constitute a material change of circumstances since that award.  I would reverse the trial court on the basis that husband has not proven a material change in circumstances.

Coleman, J., dissenting.

I respectfully disagree with the conclusion in Judge Frank's plurality opinion, which contains the controlling analysis for this case. In my view ample evidence supports the trial judge's ruling that a material change in circumstance had occurred in wife's income since the 1992 support award and at the time of the 2002 modification hearing which justified the trial judge reducing the support award from $700 per month to $400 per month. Accordingly, I dissent.

"The determination whether a spouse is entitled to [a reduction or increase in spousal] support, and if so how much, is a matter within the discretion of the [trial] court and will not be disturbed on appeal unless it is clear that some injustice has been done." Dukelow v. Dukelow, 2 Va. App. 21, 27, 341 S.E.2d 208, 211 (1986). A party seeking modification of spousal support pursuant to Code § 20-109, bears the burden of proving "both a material change in circumstances and that this change warrants a modification of support." Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989). "When considering the issue of spousal support, whether in a modification or initial award determination, the trial court must take into account the receiving spouse's needs and ability to provide for the needs, and balance those against the other spouse's ability to provide support . . . ." Stubblebine v. Stubblebine, 22 Va. App. 703, 710, 473 S.E.2d 72, 75 (1996) (*en banc*). One factor for the trial court to consider when determining whether to modify spousal support is the financial resources of the parties, "including . . . income from all pension, profit sharing or retirement plans." Code § 20-107.1(E)(1).

Here, the facts proved a material change in wife's income between 1992 and 2002 which justified the trial judge's reducing the monthly spousal support award by $300. I fail to see that the trial judge abused his discretion. The amount of the reduction was commensurate with the

wife's increased monthly income. Conceding, as Judge Frank notes in his opinion, that a significant disparity may have existed in the relative incomes of the parties at the time of the 2002 hearing, the evidence shows that an even greater disparity existed in their incomes in 1992 when the original $700 monthly spousal support award was established. At that time husband's income was essentially the same in 1992 as it was at the 2002 hearing. Nevertheless, wife, who had no income in 1992, was receiving at the time of the 2002 hearing $1,884 per month in income from monthly pension payments and social security disability, in addition to the $700 per month spousal support. Presumably, the court in 1992 had considered the parties' needs and abilities to pay and the disparities in their respective incomes when support was set at $700. The only material change in circumstance that was shown to have occurred since 1992 at the 2002 hearing was that wife's income had increased from $0 to $1,884. Although wife did introduce at the 2002 hearing an expense statement that showed housing expenses and health insurance expenses and a purported $600 monthly deficit, the trial court did not have to accept wife's monthly expense estimates as reasonable nor did the evidence show that these expenses had changed or materially increased since the 1992 hearing. On those facts, the trial court did not, in my opinion, abuse its discretion by reducing wife's support from $700 per month to $400 per month.

Judge Frank's opinion further mentions in support of its reversal of the trial court's decision that husband and his current wife sold their former residence for $269,900 and purchased another house for $365,000 for which their monthly mortgage is $2,302. The evidence does not show whether husband has any equity in the new home. Furthermore, the extent to which the current wife has contributed assets or income to acquire a more expensive home or pay the mortgage are not assets that should be considered in computing husband's support obligation.

A disparity in divorcing spouses' incomes, which often exists, does not justify an appellate court on review from disregarding a trial court's discretionary modification of a support award where the evidence shows a material change of circumstance has occurred. Despite the disparity in the parties' incomes, the trial court may well have determined that the $1,884 increase in wife's monthly income was the only material change in circumstance that occurred and that amount plus $400 in spousal support for a total monthly income of $2,284 was sufficient to meet wife's needs. In my opinion, the trial court's decision is supported by ample evidence and is not plainly wrong. Accordingly, because I would affirm the trial court's reduction in spousal support, I dissent.