COURT OF APPEALS OF VIRGINIA


Present:    Judges Kelsey, Petty and Senior Judge Bumgardner


SHEILA ANNE REKOW

                                                            MEMORANDUM OPINION[*]
v.        Record No. 2588-08-4                                PER CURIAM
                                                             APRIL 21, 2009
MARLIN F. REKOW


                 FROM THE CIRCUIT COURT OF RAPPAHANNOCK COUNTY
                              Jeffrey W. Parker, Judge

             (Sheila Anne Rekow, *pro se*, on brief).

             (Linda I. Dodge, on brief), for appellee.


        Sheila Anne Rekow (wife) appeals from the final decree of divorce, entered October 2,

2008. Wife argues that the trial court erred in not awarding her attorney's fees. Upon reviewing

the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly,

we summarily affirm the decision of the trial court. See Rule 5A:27.

                                        BACKGROUND

        "When reviewing a trial court's decision on appeal, we view the evidence in the light

most favorable to the prevailing party, granting it the benefit of any reasonable inferences."

Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003).

        So viewed,[1] the evidence proved that wife and Marlin F. Rekow (husband) were married on

December 30, 1995, separated in March 2007, and divorced on October 2, 2008. Husband is a

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Wife failed to timely file a transcript or written statement of facts pursuant to Rule
5A:8; however, the trial judge's opinion letters and the final decree are sufficient for us to review
wife's question presented.

dentist, and wife was his office manager. There was evidence of wife's mismanagement and fraud with respect to husband's dental practice. Wife's actions, as well as husband's desertion, caused the breakdown of the marriage. The trial court considered and explained each of the factors under Code § 20-107.1(E) and ruled that wife was entitled to spousal support for a defined duration. "Upon the consideration of all the circumstances of this proceeding," the trial court denied both parties' requests for attorney's fees. Wife objected to the trial court's denial of her request for attorney's fees and timely noted her appeal.

ANALYSIS

Wife argues that the trial court abused its discretion in denying her attorney's fees, since it awarded her spousal support.

> "An award of attorney's fees to a party in a divorce suit is a matter for the exercise of the trial court's sound discretion after consideration of the circumstances and equities of the entire case." Davis v. Davis, 8 Va. App. 12, 17, 377 S.E.2d 640, 643 (1989) (citing Wagner v. Wagner, 4 Va. App. 397, 411, 358 S.E.2d 407, 414 (1987)). We will reverse the trial court's decision whether to award attorney's fees to a party only where the record shows a clear abuse of discretion.

West v. West, 53 Va. App. 125, 136, 669 S.E.2d 390, 396 (2008).

Wife contends that Thomas v. Thomas, 217 Va. 502, 229 S.E.2d 887 (1976), applies to her case. In Thomas, the Supreme Court held that "[w]here . . . the trial court finds [that] the wife needs and is entitled to maintenance and support and the husband has the financial ability to meet those needs, its failure to award counsel fees to her is, in our opinion, an abuse of [its] discretion." Id. at 505, 229 S.E.2d at 890. Wife argues that based on the Thomas ruling, the trial

---

Husband has filed (1) a motion to dismiss or deny, (2) an objection to a written statement filed by wife, (3) a continuing objection to the written statement, and (4) an objection to the modification of the opening brief. Upon consideration whereof, we deny the motion and overrule the objections.

court abused its discretion in not awarding her attorney's fees because it awarded her spousal support.

However, in 1987, we held that "[w]e do not believe that the court in Thomas intended to adopt a rule that whenever a wife is granted support, the trial court must automatically award attorney's fees." Artis v. Artis, 4 Va. App. 132, 138, 354 S.E.2d 812, 815 (1987).

Here, the trial court denied attorney's fees to either party because of "all of the circumstances of this proceeding." Since the filing of the complaint for divorce in July 2007, there were numerous pretrial motions and pleadings filed by both parties. The trial court heard evidence for three days in July 2008. There was extensive evidence regarding wife's pattern of mismanagement and fraud, which damaged the reputation of husband's dental practice and their marriage. The trial court found that "unethical and fraudulent conduct occurred during the period of time that Dr. and Mrs. Rekow jointly operated the dental practice." The trial court held that husband deserted the marriage. In addition, the trial court equally divided the marital share of the business and marital residence. Both parties contributed to the breakdown of the marriage, and both parties made this a contentious divorce. Under these circumstances, we cannot conclude that the trial court abused its discretion in denying wife's request for attorney's fees.

Husband requests this Court to award him attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Having reviewed and considered the entire record in this case, we hold that husband is entitled to a reasonable amount of attorney's fees and costs, and we remand this case to the trial court for a determination and award of the appropriate appellate attorney's fees and costs.

Accordingly, we summarily affirm the decision of the trial court. Rule 5A:27.

Affirmed and remanded.