**Salem**

THOMPSON STEVEN YOUNG

v.

DEBORAH OVERSTREET YOUNG

No. 1342-85

Decided September 2, 1986

COUNSEL

John H. Kennett, Jr., for appellant.

William H. Cleaveland, (Clifford R. Weckstein, Lichtenstein, Weckstein & Thomas, on brief), for appellee.

OPINION

MOON, J. — Thomas Steven Young seeks reversal of a judgment in the Circuit Court for the County of Roanoke increasing the amount of his child support payments from $175 to $275 per month. We reverse because the increase was not related to any evidence of actual expenses that the mother will incur on behalf of the child in the immediate or reasonably foreseeable future.

Plaintiff and defendant were divorced on July 11, 1978. Mrs. Young was awarded custody of their only child and began receiving child support payments of $150 per month which were increased to $175 per month in January, 1980, while Mr. Young was a college student. This current proceeding began with Mrs. Young's petition in the juvenile and domestic relations court for an increase in child support. That court awarded Mrs. Young $225 per month in child support. After a *de novo* hearing on Mr. Young's appeal, the trial judge set Mr. Young's monthly payment at $275 per month plus one-half of the cost of any medical expenses not reimbursed by insurance.

Code § 20-107.2(2) vests discretion in the trial court in awarding child support and such awards will not be reversed on appeal unless plainly wrong or unsupported by the evidence. *See Thomas v. Thomas*, 217 Va. 502, 505, 229 S.E.2d 887, 889-90 (1976). Any award must be based upon the evidence relating to the factors contained in the statute, and the award must be re-

lated to the actual needs and expenditures made or to be made on behalf of the child "within the immediate or reasonably foreseeable future." *See id.* at 505, 229 S.E.2d at 889-90.

When this case was heard in the circuit court, Mrs. Young and her ten-year old child were living with Mrs. Young's mother and paying her $225 a month for food and rent for both Mrs. Young and the child. Mrs. Young testified that she spent about $600 a year on vacations and planned to spend about $500 a year for the child's school clothes. School lunches would cost $20 per month. If she purchased a home, it would cost about $47,000 and her payments would be almost $500 a month.

The judge found that it would cost about $200 to feed the child plus $100 a month for clothing and school expenses, including piano lessons, $50 a month for gifts, recreation, and vacation expenses, and approximately $200 for the child's portion of housing cost. Based upon all the evidence, the trial judge concluded that the average cost of maintaining the child in separate housing from Mrs. Young's mother would be about $550 per month. The trial judge expressed the opinion that each parent was responsible for one half of the child's expenses and fixed Mr. Young's payments at $275 per month.

Mrs. Young introduced evidence to prove what it would cost to live in a separate home from her mother. However, Mrs. Young did not testify that she would, in fact, obtain separate housing and there was insufficient evidence to prove that if she were awarded the increased child support, she would spend it on separate housing and expenses in the reasonably foreseeable future. *See id.* at 505, 229 S.E.2d at 890. Therefore, we reverse the judgment for this reason.

■ Because the case must be retried, we also point out that although both parents owe their child a duty of support during the child's minority, *Featherstone v. Brooks*, 220 Va. 443, 448, 258 S.E.2d 513, 516 (1979), there is no presumption that each party should contribute equally to the financial cost even if both earn the same income. *See* Code § 20-107.2(2). The earnings of the parties is only one factor of the many enunciated in Code § 20-

107.2(2).[1] Specifically, the "contributions, monetary and non-monetary, of each party to the well-being of the family" is a factor that the trial court may weigh in setting the amount of support. Code § 20-107.2(2)(f). In a case such as this, where the parties earn about the same amount of income, approximately $25,000 annually, but one parent provides considerable nonmonetary contributions to the well-being of the child, the court in its discretion may require the other parent to pay more than one-half of the support. Accordingly, the judgment of the circuit court is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

Koontz, C.J., and Coleman, J., concurred.

---

[1] The court, in determining the amount of support of a child or children to whom a duty of support is owed pursuant to § 20-61, shall consider the following:

a. The age and physical and mental condition of the child or children;

b. The independent financial resources, if any, of the child or children;

c. The standard of living for the family established during the marriage;

d. The earning capacity, obligations and needs, and financial resources of each parent;

e. The education and training of the parties and the ability and opportunity of the parties to secure such education and training;

f. The contributions, monetary and nonmonetary, of each party to the well-being of the family;

g. The provisions made with regard to the marital property under § 20-107.3; and

h. Such other factors as are necessary to consider the equities for the parents and children.