COURT OF APPEALS OF VIRGINIA

Before Judges Baker, Bray and Overton
Argued at Norfolk, Virginia

WILLIAM COURTNEY RYAN, JR.

v.         Record No. 2197-94-1              OPINION
                                     BY JUDGE JOSEPH E. BAKER
CYNTHIA D. KRAMER                      OCTOBER 24, 1995

            FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                    John C. Morrison, Jr., Judge

            Cheshire I'Anson Eveleigh (Wolcott, Rivers, Wheary,
            Basnight & Kelly, P.C., on briefs), for appellant.

            Paul M. Lipkin (Goldblatt, Lipkin & Cohen, P.C.,
            on brief), for appellee.


        William Courtney Ryan, Jr. (husband), the appellant, and

Cynthia D. Kramer (wife), the appellee, were formerly husband and

wife.  They divorced in 1991.  One child was born of the marriage

on August 4, 1985.  Husband appeals, and wife cross-appeals from

a decree of the Circuit Court of the City of Norfolk (trial

court).

        Although husband alleges several trial court errors that he

asserts are grounds for reversal of the decree, all stem from the

trial court's imputation to husband of his monthly earnings at

the time he quit his job as an airline pilot he had held for more

than twenty-six years.

        The following are relevant excerpts from the trial court's

decree:

                THIS CAUSE came on to be heard on June 23,
            1994 upon the appeal of [husband] from a
            support order entered in the Norfolk Juvenile

and Domestic Relations District Court on April 4, 1994 and again came on to be heard on July 21, 1994 upon a continuance of the June 23 hearing, both parties being present in proper person at both hearings as well as the attorney for the defendant being present; and was argued by counsel.

And it appearing to the Court from the testimony of the parties on June 23, 1994 that for 26 1/2 years, [husband] was an airline pilot for U.S. Air, who voluntarily accepted early retirement January 1, 1994 at age 51, his average monthly gross income for the year 1993 having been $12,443.00; that since his early retirement, [husband] has been engaged as a real estate agent with GSH having earned nothing to date in 1994; that [Kramer] who was not working at the time of the separation of the parties, at the time of their divorce on April 12, 1991, or at the present time, now has a six-month old child with her current husband; that [Kramer] has legal and physical custody of the minor child of the parties, [son], who was born August 4, 1985; that in the past year or more, [husband] has had visitation with [son] 120 days out of the year, thus entitling him to the shared custody provisions of Virginia Code Section 20-108.2(G)(3) ("the Guidelines"); that the presumptive amount of child support payable by [husband] to [Kramer] under the Guidelines based upon zero gross income of [husband] and zero gross income of [Kramer] is $7.91; that the application of the Guidelines is unjust and inappropriate in this case for the reason that [husband's] average gross monthly income for 1993 of $12,443.00 ought to be imputed to him, he having voluntarily terminated his employment; that it is inappropriate to impute income to [Kramer], she having never been significantly gainfully employed during her marriage to [husband] or thereafter; that [husband] ought to be given credit in the application of the Guidelines for a child born to him and his wife since his divorce from [Kramer], and he further should be given credit for a portion of a premium on his life insurance which he carries for [son's] benefit in the event of his untimely demise.

And it further appearing to the Court from

> the testimony of [husband] on July 21, 1994 that as of August 1994, he has accepted employment with Saudi Arabian Airlines, which requires his move with his family to Saudi Arabia and hence will not be able to exercise shared custody of [son] that would entitle him to the shared custody provisions of the Guidelines.

Viewing the evidence in the light most favorable to the party who prevailed below, here the appellee/wife, we hold that the evidence sufficiently supports the trial court's finding of fact, and that it did not err when it found that husband voluntarily left his employment of more than twenty-six years, at which he earned $12,443 per month. In a similar case, the Supreme Court of Virginia affirmed the trial court's imputation of income and said:

> The effect of the chancellor's decision to deny the reduction was to hold that the father gambled with the children's ability to receive his financial support, and lost. Of course, a father is not prohibited from voluntarily changing employment. But, the chancellor, in the exercise of judicial discretion, implicitly held that when the father who was under court order to pay a certain sum for child support, which he was able to pay given his employment, chose to pursue other employment, albeit a bona fide and reasonable business undertaking, the risk of his success at his new job was upon the father, and not upon the children. We cannot say that this demonstrates the chancellor imposed an erroneous standard of proof in denying the father relief.

Antonelli v. Antonelli, 242 Va. 152, 156, 409 S.E.2d 117, 119-20 (1991).

Because we find that the trial court did not err when it

imputed income to husband, the other issues raised pursuant to that finding are moot.

Husband further asserts that the trial court erred when it failed to hold that wife had a financial obligation to provide for the child of the parties. We disagree. While both parties owe a duty of support, Yohay v. Ryan, 4 Va. App. 559, 359 S.E.2d 320 (1987), decisions concerning child support rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence. Young v. Young, 3 Va. App. 80, 81, 348 S.E.2d 46, 47 (1986). There is evidence to support the judgment of the trial court and there is no showing of an abuse of trial court discretion.

Husband further contends that the trial court erred by refusing a full evidentiary hearing concerning his current employment. The record discloses that husband, taking a business risk that he was not forced to take, voluntarily resigned from his more than $12,000 monthly income to try realty sales at which he earned no income. It further appears that husband wanted to show that after failing in his real estate venture, he obtained another position as a pilot at which he earned only $4,000 per month. It was not error on these facts for the trial court to exercise its discretion to limit the evidence concerning comparative income.

We have carefully examined the record and find that this child support case involved no infringement on any constitutional

- 4 -

right that could be applied to this case.

Finally, each issue raised by wife in her cross-appeal is governed by the rule of trial court discretion.  Upon our examination of the record, we find no abuse of trial court discretion on those issues.

For the reasons stated, the judgment of the trial court is affirmed.

<u>Affirmed.</u>