COURT OF APPEALS OF VIRGINIA

Present:  Judges Willis, Bray and Senior Judge Hodges
Argued at Alexandria, Virginia


DEE EDWARD NEWLAND
                                        MEMORANDUM OPINION[*] BY
v.    Record No. 1837-96-4             JUDGE WILLIAM H. HODGES
                                             APRIL 8, 1997
GEORGEEN M. NEWLAND


            FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                       Thomas A. Fortkort, Judge

          Mary M. Benzinger (Benzinger & Benzinger,
          P.C., on brief), for appellant.

          Yvonne DeBruyn Weight for appellee.



     Dee Edward Newland (husband) appeals the decision of the

circuit court setting child and spousal support payable to

Georgeen M. Newland (wife) and deciding other issues.  Husband

contends the trial court erred by (1) including private school

tuition in the calculation of child support; (2) including child

care expenses in the calculation of child support; (3) using the

Fairfax County pendente lite child support guidelines without

examining their appropriateness and husband's ability to pay; (4)

failing to impute $26,000 in income to wife; (5) failing to

properly consider the tax consequences associated with the

parties' pension accounts when valuing these accounts and

ordering husband to pay $1,000 a month to equalize the assets;

(6) including post-separation contributions to the retirement

---

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

account as part of the marital share; (7) excluding from the marital estate $10,000 transferred by wife to child; (8) summarily denying husband's motion to reconsider and motion for clarification; (9) entering an order which did not reflect its ruling concerning the sale and wife's occupancy of the marital residence; and (10) entering an order which did not properly reflect its ruling concerning husband's payment of $1,000 in dissipated marital assets.  Finding no error, we affirm.

### Child Support (Issues One through Three)

Decisions concerning child support rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence.  See Young v. Young, 3 Va. App. 80, 81, 348 S.E.2d 46, 47 (1986).  The parties presented conflicting evidence as to whether husband agreed to the child's enrollment in private school.  However, under a previously entered order, wife had authority to make independent decisions concerning the children's schooling. Husband was aware of wife's choice, and husband attended school functions after the child's enrollment in September 1995.  At the time of the April 1996 hearing, the child was nearing completion of his first year at the school.

Solomond v. Ball, 22 Va. App. 385, 392, 470 S.E.2d 157, 160 (1996), cited by husband, is distinguishable from the facts in this case.  There, we reversed as improper the trial court's use of a prospective escalation provision designed to increase child

2

support to pay for tuition upon the children's transfer from one private school to another with a "'considerably higher'" tuition. Id. Here, father apparently objected to payment for, but not enrollment in, a parochial school with an estimated tuition of $2,500.

Viewed in the light most favorable to wife as the prevailing party below, the evidence demonstrated that husband did not oppose the choice of the private school, although he may have voiced other objections. Husband presented no evidence that enrollment in the parochial school was not in the child's best interests. Therefore, we cannot say the trial court's decision to include the cost of tuition in the calculation of child support was plainly wrong or unsupported by the evidence.

We also find no error in the court's election to include child care as part of wife's "work-related" expenses. Although wife was unemployed, she was actively seeking new employment and interviewing for new positions. She presented credible evidence that she needed to continue to pay day-care costs to maintain the children's places in the facility. By maintaining day-care, she could accept any job offers immediately. Under these facts, we find this child care cost a legitimate one which was incurred due to employment. Code § 20-108.2(F).

Husband alleges that the trial court erred by using the Fairfax County pendente lite guidelines to calculate support. In his exception before the trial court, husband asserted that use

3

of the guidelines was "inappropriate and does not provide [husband] with enough funds with which to live and does not fully consider [husband's] ability to pay." On appeal, husband contends that the pendente lite guidelines violate the statutory scheme set out in Code §§ 20-107.1 and 20-108.2. We find no evidence this argument was raised before the trial court and we will not address it for the first time on appeal. Rule 5A:18.

The parties presented evidence concerning their respective incomes and expenses. Husband does not contend that the court erred in finding that his monthly income was $10,667. We find no support for husband's claim that the court failed to consider his ability to pay support.

### Imputed Income (Issue Four)

Wife testified that her last salary was $26,000. There was no evidence that wife was voluntarily underemployed or unemployed. In fact, wife's evidence indicated that she was actively seeking comparable employment. Husband presented no evidence to the contrary. Wife did not appeal the court's decision to impute income.

"The judgment of the trial court concerning the extent to which the wife's earning capacity should affect spousal and child support awards will not be set aside unless it appears from the evidence that such judgment is plainly wrong or without evidence to support it." Kaufman v. Kaufman, 7 Va. App. 488, 494, 375 S.E.2d 374, 377 (1988). Evidence supported the court's decision

4

to impute some income to wife, but it was not required to impute income dollar for dollar. Therefore, we cannot say that the trial court's decision to impute $20,000 to wife was plainly wrong or unsupported by the evidence.

## Tax Consequences (Issue Five)

Contrary to husband's assertion, the trial court indicated that it considered the tax consequences before reaching its decision on the method of distributing the parties' marital assets. Having considered the consequences, it was not required to frame its ruling to minimize or eliminate all negative tax consequences to husband. Code § 20-107.3(E). Therefore, we find no reversible error.

## Post-Separation Assets (Issue Six)

Credible evidence supports the trial court's valuation of the parties' marital assets. As the court's finding is supported by the evidence, i.e., the evidence and figures presented by wife to the court, husband has failed to demonstrate reversible error.

## Gift to Child (Issue Seven)

Evidence supported the trial court's conclusion that the transfer of $10,000 to an account for the parties' younger child paralleled a similar transfer made for the parties' older child. Wife testified that the money was held for educational purposes. Husband presented no evidence to the contrary. There was no evidence that the transferred funds were used for improper purposes. See Clements v. Clements, 10 Va. App. 580, 586, 397

S.E.2d 257, 261 (1990); Booth v. Booth, 7 Va. App. 22, 27, 371 S.E.2d 569, 572 (1989).  The trial court found credible wife's testimony that the money was a gift to the child, and its findings will not be reversed on appeal.  Therefore, we find no reversible error in the court's decision to exclude the gift from the marital assets.

Motions to Reconsider and for Clarification (Issue Eight)

Husband contends the trial court erred by summarily denying his motions to reconsider and for clarification.  Husband retained new counsel after completion of the ore tenus hearing, final argument, and entry of the final decree.  Whether to grant husband's motions for reconsideration and clarification was a matter within the sound discretion of the trial court.  See Morris v. Morris, 3 Va. App. 303, 307, 349 S.E.2d 661, 663 (1986).  We find no abuse of discretion in the denial of husband's motions to reopen the matter after both parties had ample opportunity to present evidence and argument.

Alleged Errors in Order (Issues Nine and Ten)

"A court of record speaks only through its written orders." Hill v. Hill, 227 Va. 569, 578, 318 S.E.2d 292, 297 (1984).  We find no significant variation from the court's oral ruling and, therefore, see no need to correct any alleged clerical mistakes concerning wife's occupancy of the marital residence.  Similarly, because husband was required to make fifty-three monthly payments of $1,000, we find no merit in husband's challenge to the

6

repayment of the dissipated $1,000 as the first rather than the last payment.

Accordingly, the decision of the trial court is affirmed.

<u>Affirmed.</u>