COURT OF APPEALS OF VIRGINIA


Present:   Judges Annunziata, Felton and McClanahan
Argued at Alexandria, Virginia


WESLEY E. JORDAN, JR.
                                                    MEMORANDUM OPINION* BY
v.        Record No. 0696-03-4               JUDGE ELIZABETH A. McCLANAHAN
                                                          MARCH 30, 2004
SUSAN G. JORDAN


                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                            Dennis J. Smith, Judge

            Jeff Krause (Law Offices of Jeff Krause, P.C., on briefs),
            for appellant.

            Robert J. Surovell (Cory Frederick Goriup; Surovell, Markle,
            Isaacs & Levy, PLC., on brief), for appellee.


        Wesley E. Jordan, Jr. appeals a decision modifying the amount of spousal support

payable to his former wife, Susan G. Jordan.  Husband asks whether the trial court erred in

finding that there had been a material change in circumstances since the initial support hearing

that warranted a modification of support.  Finding no error in the trial court, we affirm.

                                      I.  Facts

        When reviewing a chancellor's decision on appeal, we view the evidence in the light

most favorable to the prevailing party, granting her the benefit of any reasonable inferences.

Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003).  The parties were

married for approximately twenty-five years when they divorced in 1990.  In the final decree of

divorce, the court set spousal support at $525 monthly.  The decree also awarded wife

one-half of the marital share of husband's military pension plus cost-of-living increases.

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

During the marriage, husband was an officer in the United States Navy. At the time of the divorce, he was earning approximately $70,000 annually. After the divorce, husband rose to the position of Admiral, from which he retired. After retirement he became employed as a corporate officer, earning approximately $355,000 annually (based on 2002 figures). He also currently receives approximately $56,000 annually from his military pension, and $16,000 annually from investments. At the time of hearing for modification of support, he owned somewhere between $900,000 and $1,000,000 in assets.

Wife's last employment position during the marriage and prior to the divorce was as a high school teacher, earning an annual salary of $26,000. Shortly after the divorce, wife moved to Richmond, where she took a job as a paralegal. She currently works as an administrative assistant, earning approximately $27,000 per year. Wife also receives $1,666.39 per month from husband's retirement benefits. At the time of the hearing she had approximately $165,000 in assets and an Individual Retirement Account valued at almost $11,000.

In January 2002, wife filed a petition for modification of support. After a hearing on the matter, the court found a material change in circumstances that warranted a modification in the original spousal support award. The chancellor increased the spousal support payable from husband to wife to $1,450 per month, an increase of $925 from the original decree.

## II. Analysis

Decisions concerning spousal support are a matter of discretion for the trial court. See Calvert v. Calvert, 18 Va. App. 781, 784, 447 S.E.2d 875, 876 (1994); Northcutt v. Northcutt, 39 Va. App. 192, 196, 571 S.E.2d 912, 914 (2002) (quoting Barker v. Barker, 27 Va. App. 519, 527, 500 S.E.2d 240, 244 (1998)). "Where, as here, the court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without

evidence to support it." Pommerenke v. Pommerenke, 7 Va. App. 241, 244, 372 S.E.2d 630, 631 (1988) (citation omitted).

Code § 20-109 provides that "[u]pon [the] petition of either party the court may increase . . . spousal support and maintenance . . . as the circumstances may make proper." "The party moving for a modification of support payments must prove 'both a material change in circumstances and that this change warrants a modification of support.'" Furr v. Furr, 13 Va. App. 479, 481, 413 S.E.2d 72, 73 (1992) (quoting Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989)). "The material change 'must bear upon the financial needs of the dependent spouse or the ability of the supporting spouse to pay.'" Street v. Street, 25 Va. App. 380, 386, 488 S.E.2d 665, 668 (1997) (*en banc*) (quoting Hollowell v. Hollowell, 6 Va. App. 417, 419, 369 S.E.2d 451, 452 (1988)). In this case, the change in circumstances included changes to the parties' respective incomes and wife's need for increased support.

"Spouses deemed entitled to support have the right to be maintained in the manner to which they were accustomed during the marriage, but their needs must be balanced against the other spouse's financial ability to pay." Floyd v. Floyd, 1 Va. App. 42, 45, 333 S.E.2d 364, 366 (1985) (citation omitted). See also Furr, 13 Va. App. at 483-84, 396 S.E.2d at 75. "Code § 20-107.1 directs the trial court to consider . . . the earning capacity of the 'parties.'" Srinivasan v. Srinivasan, 10 Va. App. 728, 734, 396 S.E.2d 675, 679 (1990). In Srinivasan, this Court held that in setting support awards, a court "must look to current circumstances and what the circumstances will be 'within the immediate or reasonably foreseeable future,' not to what may happen in the future." Id. at 735, 396 S.E.2d at 679 (quoting Young v. Young, 3 Va. App. 80, 81-82, 348 S.E.2d 46, 47 (1986)).

> Code § 20-109 grants courts continuing jurisdiction to modify awards where changed circumstances are demonstrated. Thus, "[the] statutory scheme recognizes that comparative needs and capacities change as circumstances change, that changes are not

> fairly predictable and that spousal support awards must be determined in light of contemporary circumstances and . . . redetermined [if necessary] in light of new circumstances."

Blank v. Blank, 10 Va. App. 1, 4, 389 S.E.2d 723, 724 (1990) (quoting Jacobs v. Jacobs, 219 Va. 993, 995, 254 S.E.2d 56, 58 (1979)).

Wife asserted that at the time of divorce the parties together earned less than $100,000 per year. When the parties divorced, wife necessarily was awarded less than the amount required to meet the standard of living she enjoyed during the parties' marriage. Over the twelve years since the divorce, wife invaded her separate assets in order to cover her living expenses and the expenses of the parties' children. She also maintains that some of her separate assets were used to cover the cost of an insurance policy on husband, which she was required to secure pursuant to the final divorce decree.

The trial court heard evidence on the current expenses and income of both parties. The court found that wife's gross yearly income from her employment was $27,000, and her share of the monthly pension benefits was $1,666.39; wife's monthly listed expenses totaled approximately $4,171, and appeared to the trial court to be modest. Husband admitted his income had risen substantially since the time of divorce. Husband's yearly employment income exceeded $350,000, in addition to which he received $70,000 per year in retirement benefits and investment dividends.

Husband complained that the court should not consider the cost of the premiums for the insurance policy as part of wife's expenses in her request for increased support, as wife was required to pay the premiums pursuant to the divorce decree. The trial court indicated that the decree merely stated that wife was to pay the premiums; it did not say with what monies the premium was to be paid. There was no evidence presented to the trial court that at the time of the divorce wife was required to pay the premium out of her separate assets. Therefore, we find

- 4 -

that the trial court did not err in considering the cost of the insurance premiums in her modification of support request.

Husband also argued that the trial court failed to consider the consumer price index, which the trial court admitted at his request. The record does not reflect that the trial court failed to consider this evidence. The court stated at the conclusion of the hearing that it "listened to all the evidence and arguments of counsel." A trial court is presumed to have considered the evidence. See Brown v. Brown, 218 Va. 196, 200, 237 S.E.2d 89, 92 (1977); Farley v. Farley, 9 Va. App. 326, 329, 387 S.E.2d 794, 796 (1990). We, therefore, find no merit in this argument.

Husband further contends that the trial court failed to consider wife's share of husband's military retirement benefits as income. This is clearly not the case. The calculation of wife's monthly deficit included her receipt of the military pension amount. The chancellor awarded wife an increase in spousal support almost equivalent to the deficit.

The trial court noted that the expenses of both parties were reasonable. The trial court found that husband had the ability to pay $1,450 a month in spousal support; in fact, in this case, husband stipulated his ability to pay.[1] The court also found that wife had a continuing and increased need. The evidence supports the trial court's decision. We find no evidence that the court sought to impose a higher standard of living than that established during the marriage, or that it found that spousal support is a lifetime profit-sharing award as husband contends.

Finally, wife requested an award of costs and attorneys' fees incident to the appeal. We deny wife's request, finding that neither party's position on the issues is unreasonable given the circumstances of the case. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).

---

[1] Joint Appendix p. 43.

### III. Conclusion

Under Code § 20-109, the court may increase, decrease or terminate spousal support as the circumstances warrant. The trial court considered wife's current needs and husband's current ability to pay prior to modifying the amount of spousal support. We find no error or abuse of discretion in the trial court's award. Accordingly, the decision of the circuit court is affirmed.

<u>Affirmed</u>.