COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Petty, Alston and Russell
Argued at Lexington, Virginia


JOHN DAVID CLARK
                                                    MEMORANDUM OPINION* BY
v.        Record No. 1889-16-3                    JUDGE ROSSIE D. ALSTON, JR.
                                                        AUGUST 1, 2017
JENNIFER RODGERS CLARK


            FROM THE CIRCUIT COURT OF BOTETOURT COUNTY
                        Malfourd W. Trumbo, Judge

        Robert C. Hagan, Jr., for appellant.

        Seth C. Weston (Law Office of Seth C. Weston, PLC, on brief), for
        appellee.


        John David Clark (appellant) appeals the trial court's order as it relates to spousal

support.  Appellant specifically argues that the trial court erred in denying appellant's motion for

reconsideration in which he argued that the trial court needed to clarify the final order with an

explanation predicating the amount of the award, in part, upon "employment that [Jennifer

Rodgers Clark (appellee)] may find" does not relieve appellee of her obligation to earn as much

as she reasonably can to reduce the amount of support needed.  We disagree, and affirm the

decision of the trial court.

                                    BACKGROUND

        The parties married in 1987.  They had one child together in 2000, and separated in 2013.

Appellee filed an amended complaint for divorce on November 3, 2014.  The parties entered into

a post-nuptial agreement on May 14, 2016.  It resolved the issues of equitable distribution, child

support, and child custody, but did not include an agreement on spousal support.

_____

        *Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On March 14, 2016, a bench trial was held to determine spousal support. In its letter opinion issued March 28, 2016, the trial court awarded appellee spousal support in the amount of $1,700 per month, until she reaches the age of sixty-six.

The evidence presented established that prior to the birth of their child, appellee made around $20,000 per year as a medical receptionist. Thereafter, appellee worked part-time jobs. Appellee is currently on a substitute teacher list, but, at the time of trial, had not worked for months. Based on the most recent and direct evidence provided by appellee's 2013 W-2's, appellee earned an income of $548 from Botetourt County Schools and $1,358.50 from Cloverdale Preschool in 2013. The trial court determined that appellee's recent lack of full-time employment did not give her the skills to be employed at the highest level of her potential without seeking more education and training. It concluded that appellee's current income was $0 per month, and appellant's current income was $6,250. In its letter opinion, the trial court stated that:

> [Appellant] ha[d] provided credible evidence of [appellee's] ability to obtain employment once she addresses the skills needed. Taking into account both parties' needs relative to their needs [and] relative to their abilities to meet those needs, combined with [appellee's] opportunities to increase her own financial worthiness, the [trial c]ourt will award her spousal support for a defined duration until she reaches the age of sixty-six (66) in an amount of $1,700.00 per month. The amount reflects a sum less than she would be able to make were she able to find full time employment given her skill, etc., but enough, given her other financial assets, to live to the standard of living during the marriage when combined with employment she may find.
>
> As there arises a substantial change of material circumstances, either party may petition a Court of competent jurisdiction for an alteration.

On October 17, 2016, appellant filed a motion for reconsideration. He requested that the trial court clearly state in its memorandum of findings that appellee "shall not be allowed more than a reasonable time to secure employment" and that appellee's "unreasonable refusal to seek

and maintain employment according to her capability may, if proven, constitute a material change in circumstances which may, depending upon the facts that may be proven in the future time, be grounds to modify the award of spousal support." The trial court denied the motion.

The trial court entered the final decree of divorce on October 18, 2016, in which it incorporated its letter opinion regarding spousal support. Appellant noted his objections on the final decree of divorce. This appeal followed.

ANALYSIS

Appellant argues that the trial court erred in denying appellant's motion to reconsider in which he argued that the trial court needed to clarify the final order with an explanation predicating the amount of the award, in part, upon "employment that [Jennifer Rodgers Clark (appellee)] may find" does not relieve appellee of her obligation to earn as much as she reasonably can to reduce the amount of support needed. We disagree.

This Court reviews an award of spousal support under an abuse of discretion standard. Moreno v. Moreno, 24 Va. App. 190, 194-95, 480 S.E.2d 792, 794 (1997). We will reverse a decision of the trial court only when its decision is plainly wrong or without evidence to support it. Id. This Court has held that the trial court, in setting support awards, must look to current circumstances and what the circumstances will be "within the immediate or reasonably foreseeable future," not to what may happen in the future. Young v. Young, 3 Va. App. 80, 81-82, 348 S.E.2d 46, 47 (1986). In this case, the trial court considered the evidence presented, as well as the factors listed in Code § 20-107.1, in reaching the conclusion that because appellee was not currently working she had a gross income of $0. The trial court further found that appellee would need additional schooling to obtain a job. As such, the trial court did not have any evidence before it as to when appellee might get a job, and what type of job she would ultimately qualify for. Thus, the evidence presented supports the trial court's conclusion to

award appellee spousal support. The trial court is "presumed to know the law and to apply it correctly in each case." Groves v. Commonwealth, 50 Va. App. 57, 62, 646 S.E.2d 28, 31 (2007). Here, as the trial court stated in its letter opinion, it considered the evidence presented, as well as the Code, to determine a fair spousal support award. There was no clear abuse of discretion in its determination.

Appellant is specifically concerned with the language in the trial court's letter opinion stating: "The [spousal support] amount reflects a sum less than [appellee] would be able to make were she able to find full time employment given her skill, etc., but enough, given her other financial assets, to live to the standard of living during the marriage when combined with employment *she may find*." (Emphasis added). Appellant argues that the trial court should have included language that this finding does not relieve appellee of her obligation to earn as much as she reasonably can to reduce the amount of support needed. However, this Court has already made it clear that a spouse may not choose a low paying position to make the other spouse continue to pay a specific amount of spousal support. See Srinivasan v. Srinivasan, 10 Va. App. 728, 734, 396 S.E.2d 675, 679 (1990). The trial court does not need to include the specific language that appellant requested in the final decree of divorce, and thus, the trial court did not abuse its discretion when it denied appellant's motion to reconsider.

Moreover, the trial court specifically recognized appellant's ability to raise issues regarding prospective spousal support obligations by stating: "As there arises a substantial change of material circumstances, either party may petition a Court of competent jurisdiction for an alteration." Code § 20-109(A) empowers trial courts to modify a spousal support award.

The case law and the Code have provided appellant with an appropriate remedy if circumstances do change. Thus, if a change in circumstances does arise, appellant has the prerogative to petition the trial court to consider a change in the spousal support obligation. Any

issues relating to the spousal support obligation could be addressed by the trial court at such a time. Thus, it is unnecessary for the trial court to include the language that appellant is asking for in an order.

Thus, the trial court did not err when it denied appellant's motion. Accordingly, the trial court's decision is affirmed.

<u>Affirmed.</u>