COURT OF APPEALS OF VIRGINIA

Present:  Judges Beales, Chafin and O'Brien
Argued at Fredericksburg, Virginia

**PUBLISHED**

MARTHA ANNE COLLINS, F/K/A
  MARTHA COLLINS LEEDS

v.     Record No. 1770-17-4

ROBERT GEORGE LEEDS

OPINION BY
JUDGE RANDOLPH A. BEALES
MAY 29, 2018

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Richard E. Gardiner, Judge

Jeremiah A. Denton III (Jeremiah A. Denton IV; Jeremiah A.
Denton, III, P.C., on briefs), for appellant.

Cassandra M. Chin (Nichols Zauzig Sandler, P.C., on brief), for
appellee.

Martha Anne Collins ("wife") appeals the decision of the Circuit Court of Fairfax County

awarding her $400 per month in spousal support from her former husband, Robert George Leeds

("husband"), pursuant to her reservation of right in the divorce decree to petition for additional

spousal support.[1]  On appeal, wife argues that the "trial court abused its discretion in failing to

impute income to former husband because of a failure to recognize income earned by him after

retiring from a 28 year military career as post-retirement income evidencing present earning

capacity."  Wife also contends that the "trial court abused its discretion in failing to consider

legal expenses incurred by wife in unrelated malpractice cases evidencing support needed to

meet her financial needs and maintain accustomed standard of living."

---

[1] The Court recognizes that the parties have been divorced for almost ten years.
However, we refer to the parties as "husband" and "wife" for the sake of clarity.

# I. BACKGROUND

Husband and wife were married on February 16, 1980 and separated on February 15, 2005. On September 5, 2008, husband and wife entered into a property and support settlement agreement ("Agreement"), providing that husband pay wife $3,000 per month in spousal support for 15 months or until wife received her first paycheck after being re-qualified by United Airlines to resume her employment as a pilot. The Agreement permitted wife to petition for an additional amount of spousal support if a substantial change in circumstances occurred within twelve and one-half years of November 1, 2009. On September 15, 2008, the Circuit Court of Fairfax County entered a final divorce decree that incorporated the parties' Agreement.

On April 9, 2010, after the initial period of spousal support expired, the court entered an agreed order requiring husband to continue paying $3,000 in spousal support until the death of either party, wife's remarriage or cohabitation with another person, or a further order of the court. On December 14, 2010, the court entered another consent order requiring husband to make only three additional monthly spousal support payments of $3,000 each. The agreed order also granted each party the right to file for a modification of the spousal support obligation thereafter.

In October 2014, wife filed a petition for an increase in spousal support, alleging that, at the time they signed the Agreement, husband had understated his income, that wife's prior medical injuries had worsened, making it unlikely that she would ever be able to return to her career as a pilot for United Airlines, and that wife's living expenses had increased. Although wife filed her petition for additional spousal support in October 2014, evidentiary hearings were not conducted on the petition until June 21, 2017 and August 17, 2017.

## A. Facts Pertaining to Husband's Income-Earning Capacity

The evidence relevant to husband's employment and income was presented on August 17, 2017. The evidence showed husband had retired from active duty service in the Navy in December 2004, after a lengthy military career, and began receiving military retirement benefits in January 2005. After retiring, husband became employed by Accenture, where he made approximately $147,000 per year in gross income, as well as various bonuses. He left Accenture in 2009 when his position with the company was eliminated. Husband was then hired by the Navy as a civilian, where he made approximately $145,000. Husband left that position in 2013 and voluntarily retired at age fifty-eight. On the day of the August 2017 hearing, husband was sixty-two years old, and he testified that his security clearances, which he held while working at Accenture and as a civilian for the Navy, had expired.

At that hearing, husband testified that he had not sought new employment since leaving his civilian position with the Navy. He also testified that he volunteers as a docent at the National Air and Space Museum and as an associate scout for the Pittsburgh Pirates baseball team.

Wife's trial counsel argued that the trial court should impute $145,000 in income to husband based on the fact that he had voluntarily retired, that he was actively volunteering, and that he was making $145,000 in gross income before retiring from his final position with the Navy. The trial court declined to impute income to husband, finding that there was "no evidentiary basis upon which to impute income to the Husband." The trial court's final order further explained this finding, stating:

> In the case at bar, the only evidence offered of the Husband's earning capacity was his salary as of 2013 when he voluntarily left his civilian employment with the Navy (after having retired from active duty in the Navy in 2004); there was no evidence of the Husband's post-retirement earning capacity upon which to base an imputed income.

- 3 -

B. Facts Pertaining to Wife's Legal Expenses

At the time the parties signed the Agreement, wife had torn her rotator cuff in her right shoulder and was unable to work as a pilot. Wife testified the injury to her right shoulder was caused by the malpractice of a physical therapist. On the day she was injured, she went in for physical therapy "with the purpose of getting repetitive motion," but the therapist required her to lift forty-five pounds of weight off the floor as well as "push and pull a hundred pounds." Wife testified that she had three surgeries on her right shoulder and that her left shoulder was also torn from having to use it exclusively. She stated that, as a result of her injuries, she cannot lift much weight with her right hand, and she is unable turn her left hand.

1. Wife's Medical Malpractice Action

Wife testified that she filed a lawsuit against the physical therapist who allegedly caused the injury to her right shoulder. Wife filed the action twice. She first filed the case in 2011, but she then non-suited the action. She refiled the suit in 2013, and the case went to trial in 2015. At trial, wife's case was dismissed with prejudice after a motion to strike. Wife testified, "It went to trial and it got thrown out when the attorney who I hired almost a year before, after I'd done all the research, he didn't even present the case properly, in my opinion." She further testified that she unsuccessfully appealed the case to the Supreme Court of Virginia.

Wife agreed with husband's attorney that she spent approximately $110,000 on the medical malpractice lawsuit. Wife testified that the experts in the case were "very expensive" and that, when she paid her attorney for the experts, the attorney "took the money himself and used them for his own expenses." She also testified that she still owes $20,500 to two of the experts from the medical malpractice action.

## 2. Wife's Legal Malpractice Action

Wife also filed a legal malpractice action against an attorney who initially represented her in the divorce proceeding against husband. She first filed the legal malpractice action in 2014 and then took a non-suit. She refiled the case in 2015. The case was later dismissed with prejudice in 2017, and, at the time of the June 21, 2017 hearing, wife testified that she believed her appeal of the dismissal in that case was still pending before the Supreme Court. Wife testified that she spent approximately $87,000 on that action and that she incurred additional fees for the appeal.

## 3. The Assets Litigation

On February 8, 2017, wife filed a new motion in the parties' 2007 divorce action entitled "Motion to Determine if Misclassified Assets By the Plaintiff 'Are' or 'Are Not' Considered Full Disclosure Within the Meaning of the Parties' Property and Support Settlement Agreement." On May 1, 2017, the trial court issued an order addressing wife's motion. The order stated that wife's counsel filed a praecipe removing her motion from the court's calendar and that the motion was, at her counsel's request, dismissed with prejudice.[2] At the hearings on wife's petition for additional spousal support, the parties referred to the litigation surrounding this motion as the "assets litigation."

Wife testified that she accrued a significant amount of legal fees in the assets litigation. She testified that she paid a forensic accountant approximately $37,000 for her work on the case. She also testified that she hired a personal/legal assistant to help her with the paperwork.

Wife testified that her legal fees and expenses totaled approximately $311,000 for the assets litigation and the legal malpractice and medical malpractice cases. On an exhibit wife

---

[2] At the June 21, 2017 hearing, wife's counsel argued that the motion was not frivolous, but that she felt that she had to dismiss the matter as a result of an ethical conflict.

presented to the trial court detailing her claimed income and expenses, she reported that her legal fees and expenses were $6,000 per month. Wife agreed with husband's counsel that she arrived at this figure by taking "the total amount of legal expenses [she had] paid over the years, the three hundred and eleven thousand plus, whatever [she had] incurred since then and [she] divided it out somehow to come up with $6,000 a month."

In the final order at issue in this case, the trial court found that wife proved a substantial change in circumstances based on her inability to return to work as a pilot for United Airlines prior to her mandatory retirement age of 65. The trial court found that wife's legal and forensic expenses, which she claimed were $6,000 per month, were "not monthly expenses, as the wife testified that those expenses were for her two malpractice cases and proceedings in the instant case, and that she has already paid those expenses." After reducing other claimed expenses not at issue in this appeal, the trial court concluded that wife's actual monthly expenses totaled only $8,202 per month, leaving her with a negative balance of $492 per month. The trial court found that a balance was struck between husband's ability to pay and wife's financial need by awarding wife $400 per month in continuing spousal support.

## II. ANALYSIS[3]

### A. Whether Income Should Be Imputed to Husband

Under appropriate circumstances, a trial court may impute income to a spouse when calculating a support award. McKee v. McKee, 52 Va. App. 482, 489, 664 S.E.2d 505, 509

---

[3] Husband filed a motion to dismiss wife's appeal in this case based on wife's failure to preserve her arguments for appeal as required by Rule 5A:18 and her failure to identify the locations in the appendix where her assignments of error were preserved, in violation of Rule 5A:20(c). That motion is denied. Even if wife had failed to preserve her assignments of error, the appeal would not be dismissed but rather affirmed. However, in this case, wife adequately preserved her arguments by presenting them to the trial court via "oral argument reduced to transcript." Code § 8.01-384(A). She also identified the correct locations in the appendix where those errors were preserved in her response to husband's motion to dismiss. Therefore, we address wife's arguments on their merits.

(2008) (*en banc*). "In determining whether to impute income, the circuit court 'must look to current circumstances and what the circumstances will be within the immediate or reasonably foreseeable future, not to what may happen in the future.'" Id. at 493, 664 S.E.2d at 511 (quoting Srinivasan v. Srinivasan, 10 Va. App. 728, 735, 396 S.E.2d 675, 679 (1990)). See also Payne v. Payne, 5 Va. App. 359, 363, 363 S.E.2d 428, 430 (1987) (noting that a court may consider not only a party's earnings, but also his "earning capacity" in making a spousal support award; "[h]owever, the award must be based upon the circumstances in existence at the time of the award"). "The decision to impute income is within the sound discretion of the trial court and its refusal to impute income will not be reversed unless plainly wrong or unsupported by the evidence." McKee, 52 Va. App. at 489, 664 S.E.2d at 509 (quoting Blackburn v. Michael, 30 Va. App. 95, 102, 515 S.E.2d 780, 784 (1999)).

Wife argues that, contrary to the trial court's finding that there was "no evidentiary basis upon which to impute income to the husband," husband's testimony regarding his positions and incomes with Accenture and as a civilian in the Navy were sufficient evidence of his income-earning capacity at the time of the evidentiary hearing. Wife also argues that husband was still capable of working as evidenced by his commitment to multiple volunteer activities.

As the party seeking to have income imputed to husband, wife was "required to present evidence 'sufficient to enable the trial judge reasonably to project what amount [of income] could be anticipated.'" Id. (citing Joynes v. Payne, 36 Va. App. 401, 421, 551 S.E.2d 10, 20 (2001)) (alterations in original). In this case, wife failed to present any evidence that would allow the trial court to determine how much income to impute to husband based on the circumstances existing at the time of the hearing. The only evidence wife offered of husband's potential income was based on employment positions husband had held approximately four or more years prior to the date of the hearing – a time period which, under these circumstances, was

too distant to be reflective of husband's *current* ability to earn income, given the passage of time and, for example, the fact his security clearances had expired.  Compare Harber v. Harber, No. 0559-07-1, 2008 Va. App. LEXIS 26, at *11 (Va. Ct. App. Jan. 15, 2008) (reversing the trial court's decision to impute income to the husband at pre-retirement income level when the wife offered no evidence of current job availability when over a year had passed since his retirement), with Stubblebine v. Stubblebine, 22 Va. App. 703, 711, 473 S.E.2d 72, 76 (1996) (*en banc*) (imputing income based on evidence of Mr. Stubblebine's "recent earnings," made just five months prior to trial).

In addition to failing to present evidence of husband's recent earnings, wife presented no evidence of employment positions currently available to husband or the income he could make in those positions based on his present circumstances.  See deCamp v. deCamp, 64 Va. App. 137, 154, 765 S.E.2d 863, 871 (2014) (affirming the trial court's decision declining to impute income to Mrs. deCamp because Mr. deCamp failed to present "the necessary testimony to establish a job that was available or the amount of money that she could earn in that job").  Since the time that husband had held his position as a civilian contractor with the Navy, his security clearances had expired, he had not worked in approximately four years, and he was approaching the age when many individuals retire.  Given the length of time that had passed between husband's leaving the positions with Accenture and his civilian employment with the Navy and the time of

the hearing, and given the lack of evidence of currently available positions, the trial court did not abuse its discretion in refusing to impute income to husband.[4]

Moreover, wife did not cure her failure to present current evidence of husband's income-earning capacity simply by presenting evidence that husband was engaging in volunteer activities after retiring. Wife relies on this Court's decision in Stubblebine v. Stubblebine, 22 Va. App. 703, 473 S.E.2d 72 (1996) (*en banc*), to support her argument that husband's volunteer activities required the trial court to impute income to him. At the time of the divorce proceedings in Stubblebine, Mr. Stubblebine was not employed, but he was working fifty to sixty hours a week without compensation to prepare for a conference in the study of parapsychology and psychic phenomena. Id. at 706, 473 S.E.2d at 73. He was also working twenty unpaid hours a week for a female friend. Id.

In upholding the trial court's decision to impute $40,000 in income to Mr. Stubblebine, this Court noted that it was not affirming the imputation of income because of Mr. Stubblebine's post-retirement volunteer activities, which the Court explained were "relevant only insofar as they evince his continued physical and mental capacity to be gainfully employed." Id. at 708, 473 S.E.2d at 74. Instead, this Court affirmed the trial court because there was also evidence presented to the trial court that Mr. Stubblebine was earning $40,000 just five months prior to the

---

[4] On brief and at oral argument before this Court, wife argued that husband's employment positions with Accenture and as a civilian with the Navy should have been considered by the trial court because they were evidence of his "post-retirement" income. Wife argued that husband actually "retired" at the age of 49 when he retired from his active duty career with the military. Therefore, according to wife's argument, since husband was still retired at the date of the hearing, these incomes were still reflective of husband's "post-retirement" earning capacity. However, even if these positions were arguably "post-retirement" employment, we cannot say that the trial court abused its discretion in failing to use them as a basis to impute income to husband, given the length of time that had passed between husband's employment in these positions and the date of the hearing, as well as the other changed circumstances discussed *supra*.

hearing, and "[i]mputing income to Albert Stubblebine on the basis of his recent past earnings did not constitute an abuse of discretion." Id. at 709, 473 S.E.2d at 74.

Similarly, the evidence here that husband was volunteering as a docent and as a baseball scout is only relevant with respect to his mental and physical ability to be employed. However, unlike in Stubblebine, where there was also evidence that Mr. Stubblebine had earned $40,000 from his employment just five months prior to trial, there was no evidence of husband's truly recent earnings in this case – within the past four years. Based on wife's failure to present any evidence of husband's current income-earning capacity, the trial court did not err in refusing to impute income to husband.

### B. Wife's Legal Expenses

"A trial court is vested with broad discretion in fixing the amount of spousal support, and its decision 'will not be disturbed unless it is clear that some injustice has been done.'" Lapidus v. Lapidus, 226 Va. 575, 580, 311 S.E.2d 786, 789 (1984) (quoting Treger v. Treger, 212 Va. 538, 539, 186 S.E.2d 82, 83-84 (1972)). "This is especially the case when the court hears evidence *ore tenus*; its findings are entitled to the weight of a jury verdict and will not be disturbed unless they are plainly wrong or without evidence to support them." Id. (citing Thomas v. Thomas, 217 Va. 502, 504, 229 S.E.2d 887, 889 (1976)).

Wife argues that the trial court was required to consider her "financial resources" pursuant to Code § 20-107.1(E)(1), and her financial resources were "depleted by the hundreds of thousands of dollars in recent litigation costs." She further argues that, because husband did not produce an expert witness to testify that the lawsuits she filed were frivolous or that the expenses she incurred were unreasonable, the legal expenses should have been included by the trial court as part of her total monthly expenses.

As the party seeking a modification of the spousal support or, as in this case, additional spousal support following the termination of the initial support period, wife bore the burden of showing, "in addition to a material change in circumstances, that the change 'warrants a modification of support.'" Driscoll v. Hunter, 59 Va. App. 22, 33, 716 S.E.2d 477, 482 (2011) (quoting Moreno v. Moreno, 24 Va. App. 190, 195, 480 S.E.2d 792, 794-95 (1997)). Here, the trial court considered the evidence of the legal expenses offered by wife and, in its discretion, rejected the legitimacy of those expenses. See Joynes, 36 Va. App. at 423, 551 S.E.2d at 20-21 (finding no abuse of discretion in trial court's decision to reduce several of the wife's alleged monthly expenses); see also Howell v. Howell, 31 Va. App. 332, 350-51, 523 S.E.2d 514, 523 (2000) (noting, in affirming the trial court's award of spousal support, that the trial court had excluded Mrs. Howell's non-recurring expenses for legal fees and a car rental).

Here, wife's legal expenses were non-recurring expenses beginning in or around year 2011 for lawsuits she chose to initiate long after she separated from husband. The evidence showed that wife's medical malpractice lawsuit was initiated twice. The first time she filed the lawsuit, she took a non-suit. After filing the second time, she lost at trial on a motion to strike. Wife was similarly unsuccessful in her legal malpractice case. She took a non-suit the first time she filed only to have the case dismissed with prejudice after refiling. Wife did not receive any monetary award or settlement in any of the legal matters she filed, and her lawsuits were all completely unsuccessful. In the assets litigation, wife spent in excess of $37,000 on fees for a forensic expert before her own attorney requested that the case be dismissed with prejudice. Although wife had already paid most if not all of the legal expenses before the hearing in this case, wife arbitrarily divided up the approximately $311,000 she spent on these three proceedings to come to the dollar amount of $6,000 per month in legal expenses. Since wife bore the burden of proving the legitimacy and need for these expenses and of their impact on her

current financial need, the trial court did not abuse its discretion in excluding the expenses incurred in these legal proceedings, which wife repeatedly – and unsuccessfully – chose to pursue.

## C. Attorney's Fees

Husband requests appellate attorney's fees. Because wife's arguments in this appeal are so lacking in merit, we grant husband's request. See Rule 5A:30(b). See also O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).

## III. CONCLUSION

In summary, the trial court did not err in declining to impute income to husband because wife offered no evidence that would allow the trial court to determine how much income to impute to husband based on the circumstances existing at the time of the hearing. Wife offered no evidence of positions currently available to husband, and she failed to offer evidence of husband's truly recent earnings. The only evidence she presented was of husband's employment and income from approximately four or more years prior to the date of the hearing. Since the time husband had held those positions, from more than four and eight years ago, he had not worked in an income-earning position for approximately four years, his security clearances had expired, and he had reached the age of sixty-two – an age when many people do stop working and retire. In addition, the fact that husband was engaging in volunteer work was insufficient by itself for the trial court to impute income to husband.

The trial court also did not err in refusing to include the $311,000 in wife's legal expenses in determining wife's total monthly expenses. Wife made the decision to initiate these legal proceedings long after the parties were separated. Despite spending approximately $311,000 on these cases, wife was completely unsuccessful in each case and recovered $0 from

their prosecution. Even without an expert opining that the lawsuits at issue were frivolous, the trial court was certainly within its discretion to decide to exclude these expenses.

Finally, because wife's appeal is so lacking in merit, we grant husband's request for a reasonable amount of appellate attorney's fees.

For all of these reasons, we affirm the decision of the trial court and remand the matter to the trial court for it to determine a reasonable amount of attorney's fees that were incurred by husband on appeal and then to enter an order directing wife to pay that amount to husband.

<u>Affirmed and remanded.</u>