COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges O'Brien, Malveaux and Senior Judge Annunziata

KULVINDER KAUR

MEMORANDUM OPINION[*] BY
v.      Record No. 0254-21-4      JUDGE ROSEMARIE ANNUNZIATA
NOVEMBER 16, 2021

GURBRINDER SINGH DHILLON

FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
James E. Plowman, Jr., Judge

Khalid Mahmood for appellant.

No brief or argument for appellee.


Kulvinder Kaur (wife) appeals the parties' final decree of divorce. Wife argues that the circuit court erred by imputing income to her, not considering Gurbrinder Singh Dhillon's (husband) actual income, and not awarding her spousal support. She further contends that the circuit court erred by awarding husband the annual child tax credit in alternate years. Lastly, she asserts that the circuit court erred by not awarding her attorney's fees. We find no error and affirm the decision of the circuit court.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Nielsen v. Nielsen, 73 Va. App. 370, 377 (2021) (quoting Congdon v. Congdon, 40 Va. App. 255, 258 (2003)).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The parties married in India on August 9, 2015. Wife had been living in the United States and returned to Virginia a few months after the wedding, but husband remained in India for approximately two years until he was able to obtain a visa. Wife sponsored husband for his green card. Thereafter, one child was born in 2018.

The parties separated on February 17, 2019. The Loudoun County Juvenile and Domestic Relations District Court (the JDR court) subsequently ordered husband to pay $825 as monthly spousal support to wife. Approximately one year after their separation, husband filed a complaint for divorce, which was later amended. Wife filed an answer and counter complaint for divorce.

The parties appeared before the circuit court for custody, visitation, and support issues. The circuit court awarded joint legal custody of the child to the parties and primary physical custody to wife. The circuit court continued the JDR court's spousal support award to wife and ruled that it would consider spousal support at the parties' final hearing for divorce and equitable distribution.

Several months later, the parties appeared before the circuit court for a two-day hearing on the issues of the grounds for divorce, equitable distribution, spousal support, and attorney's fees. The circuit court heard evidence about husband's and wife's income and employment history. Husband testified that he started working one month after he arrived in the United States; at the time of the circuit court hearing, he was employed full time as a security guard, earning approximately $2,990 per month. Husband explained that he no longer was eligible for overtime because of company changes. A supervisor corroborated husband's testimony that the company had cut overtime.

Husband further explained that in addition to his security guard job, he previously had worked for DoorDash. Husband testified that he had stopped working for DoorDash in late 2020

- 2 -

because the work decreased with the COVID-19 pandemic and his expenses outweighed his income. He also wanted to spend more time with his child.

The circuit court received into evidence copies of husband's 2018 and 2019 income tax returns, as well as his 2020 bank statements and paystubs, showing his income and business expenses. The circuit court also received copies of wife's 2018 and 2019 income tax returns, as well as her income and expense statement.

Before the parties' child was born, wife worked full time at Gate Gourmet, a food service business to airlines, and part time at Wendy's restaurant, earning a total of approximately $2,600 per month. Wife permanently left Gate Gourmet in October 2018 and left Wendy's for a two-month maternity leave in November 2018. Wife returned to work at Wendy's in January 2019, after the child's birth, but stopped working altogether seven weeks later.

Husband maintained that he could care for the child anytime he was not working. Wife did not think that she could find a job to match her schedule, and she did not "trust" husband to take care of the child. Wife admitted that since she stopped working, she had not tried obtaining any education or training to advance her earning capacity, other than taking "some" English as a second language classes at church. She also confirmed that she had not looked for any jobs since she stopped working at Wendy's restaurant.[1]

At the conclusion of all the evidence, husband argued that the parties had been married for approximately forty-two months, and he lived in India for twenty-seven of those months. Husband asserted that neither party had supported the other while they lived apart, and while they lived together in Virginia, they both contributed toward the living expenses. Husband emphasized that he had paid wife spousal support for twenty-two months. Husband requested

_____

[1] At the time of the circuit court hearing, husband believed that wife was working with her uncle, who was a real estate agent, but she denied working for him.

that the circuit court terminate his spousal support obligation because wife was capable of working. Husband also asked to be awarded the child tax deduction since wife was not working and that the circuit court deny wife's request for attorney's fees.

Wife requested spousal support for three years until the child entered school. She asked the circuit court to include in husband's income the amounts he previously earned from overtime and DoorDash. Relying on Code § 20-108.1(B)(3), wife argued that the circuit court could not impute income to her because their child was not in school.[2] Wife further emphasized that husband had failed to present any evidence of jobs that were available to her. Wife requested the child tax deduction since she was the primary custodian and argued that husband should pay her attorney's fees and costs.

After hearing the evidence and arguments, the circuit court granted husband a divorce based on the parties living separate and apart for more than one year. The circuit court further ordered each party to keep the property each had in their possession. Considering that husband took the child tax deduction in 2019, the circuit court ordered that the child tax deduction could be taken by wife in 2020 and subsequent even years, and by husband in odd years.

The circuit court next considered wife's request for spousal support. The circuit court found that the parties' marriage was "only three and a half years" and that they were "living together for less than two years." The circuit court described the marriage as "a very, very short marriage" and found that "both parties were fairly self-sufficient."

The circuit court found wife's request for three more years of spousal support to be "completely unreasonable" because such an order would require husband to pay spousal support "for longer than the duration of the marriage." The circuit court held that husband's

---

[2] Husband argued that the presumptive child support guidelines made an allowance for childcare costs, but spousal support had its own factors.

responsibility for wife's support was not of "an indefinite duration." The circuit court found that wife was voluntarily underemployed and had made "no effort" over the preceding two years "to seek any kind of employment at all when it's been available to her in the past." The circuit court determined that the parties' incomes had been "relatively the same" when wife was working.

The circuit court rejected wife's request to impute the DoorDash income to husband. The circuit court explained that husband's employment with DoorDash was a "second job" that was "time that he could be spending with his son and avoiding the parties' collective expense for childcare." The circuit court also found reasonable that husband no longer had overtime available to him at his security guard job, considering the COVID-19 pandemic. After considering the length of the marriage and the parties' ability to "sustain themselves prior to and during the marriage and after," the circuit court declined to order continuing spousal support and found that husband's spousal support payments for the prior twenty-two months were "sufficient." Husband's spousal support obligation terminated effective February 28, 2021.

The circuit court further ordered that each party be responsible for their own attorney's fees and costs. On March 10, 2021, the circuit court entered the final decree of divorce. This appeal followed.

ANALYSIS

Spousal Support

Wife argues that the circuit court erred by terminating spousal support. She asserts that the circuit court erred by imputing income to her and calculating husband's income incorrectly.

A court has "broad discretion in setting spousal support and its determination will not be disturbed except for a clear abuse of discretion." Wyatt v. Wyatt, 70 Va. App. 716, 719 (2019) (quoting Giraldi v. Giraldi, 64 Va. App. 676, 681 (2015)). "In determining the appropriate amount

of spousal support, the trial court must consider the needs of the requesting party and the other spouse's ability to pay." Id. (quoting Alphin v. Alphin, 15 Va. App. 395, 401 (1992)).

Here, the circuit court considered the "very, very short" duration of the marriage, as well as the fact that for the first couple of years, wife lived in Virginia, while husband lived in India. The circuit court found that the parties were "fairly self-sufficient" and were "able to provide for themselves without the continued and overlapping support of the other spouse." The circuit court heard evidence about the parties' employment history and received copies of their 2018 and 2019 income tax returns. Wife testified that she took a two-month maternity leave, worked for seven weeks, and then stopped working. She claimed that she was unable to work because no relatives were available to watch the parties' child. Wife admitted that she had not looked for employment after she stopped working. The circuit court found that wife was voluntarily underemployed.

"'Unless the trial judge misapplies the legal standard or misallocates the burden of proof, the question of "[w]hether a person is voluntarily unemployed or underemployed is a factual determination."'" Nielsen, 73 Va. App. at 383 (alteration in original) (quoting Broadhead v. Broadhead, 51 Va. App. 170, 180 (2008)). "Under appropriate circumstances, a trial court may impute income to a spouse when calculating a support award." Collins v. Leeds, 69 Va. App. 1, 8 (2018). "'In determining whether to impute income, the circuit court "must look to current circumstances and what the circumstances will be within the immediate or reasonably foreseeable future, not to what may happen in the future."'" Id. at 9 (quoting McKee v. McKee, 52 Va. App. 482, 493 (2008) (*en banc*)).

Wife argues that husband "did not introduce any evidence" concerning the availability of, and salary for, jobs available to her at the time of the circuit court hearing. She contends that the circuit court erred when it relied on her 2018 tax return and imputed that income to her. "Imputed income may be calculated from evidence showing a higher-paying former job

voluntarily quit by the parent, from evidence showing that more lucrative work is currently available to the parent, or from evidence showing recent past earnings." Niblett v. Niblett, 65 Va. App. 616, 628 (2015).

"The recent past earnings of a voluntarily unemployed parent often provides the most reasonable estimate of earning capacity." Id. at 628-29. The circuit court had heard evidence that wife had worked at Gate Gourmet for minimum wage and at Wendy's restaurant until the birth of the parties' child. It was reasonable for the circuit court to impute income to wife based on her recent past earnings and infer that wife could find another job at a comparable salary.

Wife also argues that when the circuit court terminated her spousal support, it did not consider that she had a young child for whom she was the primary custodian. She emphasizes that if she worked, then she would have the additional cost of childcare. Contrary to wife's arguments, however, the record demonstrates that the circuit court considered childcare and found that husband's previous offer to care for the child while wife worked had been "rejected" by wife.

In addition, wife contends that the circuit court erred by not including husband's overtime or DoorDash income into his total salary. Wife asserts that the circuit court erred by not considering his "total income according to his year 2020 pay checks" from DoorDash and the security guard job. She emphasized that it was husband's burden to offer any evidence of reasonable business expenses for his 2020 income. Wife acknowledges that husband testified that overtime was no longer available to him at his security guard job and that he no longer worked at DoorDash. Nevertheless, she argues that the circuit court should have calculated his income based on his overtime and DoorDash income.

In deciding whether to impute income, the circuit court had to examine the "current circumstances." Collins, 69 Va. App. at 9. The circuit court accepted husband's evidence that

overtime was no longer available to him at his job as a security guard. The circuit court also found that husband's DoorDash job was a "second job and the money he makes from that second job is time that he could be spending with his son and avoiding the parties' collective expense for childcare." The circuit court declined to attribute DoorDash income to husband. The record supports the circuit court's findings.

In terminating the spousal support award, the circuit court considered the length of the parties' marriage and that it was not husband's responsibility to support wife for an "indefinite duration." "Generally, 'one who seeks spousal support is obligated to earn as much as he or she reasonably can to reduce the amount of the support need.'" deCamp v. deCamp, 64 Va. App. 137, 151 (2014) (quoting Srinivasan v. Srinivasan, 10 Va. App. 728, 734 (1990)). The circuit court found that wife had made no efforts to find employment for two years even though "it's been available to her in the past." The circuit court further found that husband's payment of spousal support "for the last 22 months [was] sufficient . . . ."

Based on the evidence presented, the circuit court did not abuse its discretion by finding that wife was voluntarily underemployed, declining to impute income to husband, and terminating the spousal support award.

Child tax credit

Wife argues that the circuit court erred by ordering that the parties alternate claiming the child as a dependent for tax purposes. On November 6, 2020, the circuit court entered a custody and child support order. The entry of the custody and support order did not resolve all outstanding issues because several months later, the parties appeared before the circuit court on the issues of the grounds for divorce, equitable distribution, spousal support, and attorney's fees. During that hearing, husband and wife each requested being allowed to claim the child for tax purposes. The circuit court ordered that the parties would alternate the child tax credit.

- 8 -

On appeal, wife asserts that the circuit court erred in alternating the child tax credit because as the child's primary physical custodian, she should have the child tax credit. Wife argues that the circuit court "should have considered both parties['] income and financial resources . . . ," but she does not challenge the court's authority to award the exemption to a non-custodial parent on appeal.

The circuit court had the discretion to order the parties to "execute all appropriate tax forms or waivers to grant to the other party the right to take the income tax dependency exemption and any credits resulting from such exemption for any tax year or future years, for any child . . . of the parties for federal and state income tax purposes." Code § 20-108.1(E). Considering the totality of the record, including the parties' relatively comparable earning capacity, the circuit court did not abuse its discretion in alternating the child tax credit.

Attorney's fees

Wife argues that the circuit court erred by not awarding her attorney's fees, especially considering her limited financial resources. Wife presented evidence that she had paid $7,500 to her attorney as part of a flat fee agreement.

"[A]n award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion." Allen v. Allen, 66 Va. App. 586, 601 (2016) (alteration in original) (quoting Richardson v. Richardson, 30 Va. App. 341, 351 (1999)); see also Conley v. Bonasera, 72 Va. App. 337, 350 (2020). "[T]he key to a proper award of counsel fees [is] reasonableness under all of the circumstances revealed by the record." Conley, 72 Va. App. at 350 (alteration in original) (quoting McGinnis v. McGinnis, 1 Va. App. 272, 277 (1985)).

Here, the circuit court found that it did not have "enough information" to determine whether either party "caused a lengthy or protracted or unreasonable" delay in the litigation.

Accordingly, it held that each party would be responsible for their own attorney's fees.  Thus, the record establishes that the circuit court considered the circumstances and did not abuse its discretion in denying her request for attorney's fees.

## CONCLUSION

For the foregoing reasons, the circuit court's ruling is affirmed.

<u>Affirmed.</u>